MASSACHUSETTS SOCIETY OF OPTOMETRISTS & another *vs.* JAMES H. WADDICK, JUNIOR (and a companion case[1]).

Suffolk.    November 6, 1959. — March 21, 1960.

Present: WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Optometry. Equity Jurisdiction,* Optometry, Unfair competition, Nuisance, Criminal acts. *Constitutional Law,* Police power, Optometry. *Equity Pleading and Practice,* Bill. *Nuisance.*

G. L. c. 112, §§ 66–73B, as amended, regulating the practice of optometry in the interest of the public health and welfare, do not confer on registered optometrists a right to restrain unauthorized practice of optometry by others.  [584]

A suit could not be maintained under the general equity jurisdiction by a registered optometrist and the Massachusetts Society of Optometrists to enjoin a registered optician, who was not a registered optometrist, physician or surgeon, from practising optometry in violation of G. L. c. 112, §§ 66–73B, as amended, where the bill contained only a mere conclusion that the defendant's activities harmed the plaintiffs "by interfering with their advantageous relationships with the general public and diminishing the reputation of registered optometrists, including the . . . [plaintiffs] with the general public," and allegations that the activities of the defendant were a nuisance threatening harm to the public, which showed an object of the suit to enforce penal statutes by injunction.  [585]

Two BILLS IN EQUITY, filed in the Superior Court on April 6, 1959.

After sustaining a demurrer to each bill, the suits were reported by *Smith, J.*

*James D. St. Clair,* (*Blair L. Perry* with him,) for the plaintiffs.

[1] The companion case is by the same plaintiffs against George Hatfield, Junior, and another.

*Samuel Abrams, (George S. Abrams & Ruth I. Abrams* with him,) for the defendants.

*Joseph G. Crane,* by leave of court, submitted a brief as amicus curiae.

WILLIAMS, J.  The plaintiffs in these suits are Arthur F. March, Junior, a registered optometrist practising in Concord, and Massachusetts Society of Optometrists, a corporation with a membership of more than 500 registered optometrists comprising approximately seventy-five percent of the registered optometrists practising in Massachusetts.  The defendant in one case is James H. Waddick, Junior, a registered optician, but not a registered optometrist, physician or surgeon, doing business in Boston under the name Dispensing Contact Lens Center for Fitting and Information.  The defendants in the other case are George Hatfield, Junior, also a registered optician, but not a registered optometrist, physician or surgeon, doing business in Boston under the name "Vent-Air Contact Lens Specialists," and New England Contact Lens Specialists Corp., a corporation with a usual place of business at the same address as that of the codefendant.  There is no record of service on the corporate defendant.  Except for references to this defendant in the Hatfield case the bills of complaint in the two cases are the same.  In each it is alleged that the defendant is engaged in the unlawful practice of optometry by prescribing and adapting contact lenses for the correction, relief and aid of the visual functions and that his activity constitutes a nuisance which endangers the public and threatens it with substantial and irreparable harm.  This activity does substantial and irreparable harm to the plaintiffs "by interfering with their advantageous relationships with the general public and diminishing the reputation of registered optometrists, including the . . . [plaintiffs] with the general public."  It is also alleged that the defendant publishes in newspapers of wide circulation and in circulars advertisements including the statements "Call or come in for free information," "Lifetime prescription changes at no charge," and other statements of like import, in violation of G. L. c. 112, § 73A.

Each defendant demurred on the grounds that the bill stated no cause of action entitling the plaintiffs to relief and that they had no standing to maintain the suit. The demurrers were sustained and the cases reported to this court.

The question for decision is whether registered optometrists are entitled, either individually or collectively without proof of special damage, to an injunction against the illegal practice of optometry by persons who are not registered and are not physicians or surgeons. Although we entertained a similar bill in *McMurdo* v. *Getter,* 298 Mass. 363, this problem was not presented since facts were alleged from which actual damage to the plaintiff was inferable and the parties agreed that "the sole question to be decided is whether or not, on the facts set forth herein, the defendants are illegally engaged in the practice of optometry."

Courts have differed widely in dealing with the right to equitable relief of persons holding licenses similar in character to those possessed by the plaintiffs. See Callmann, Unfair Competition and Trade-Marks (2d ed.) § 63.3; 11 So. Cal. L. Rev. p. 476; 32 Notre Dame Lawyer, p. 311. Injunctions have been granted on the theory that by the unlicensed practice of a defendant a property right of the plaintiff has been invaded, or that the activity of the defendant constitutes a public nuisance. See *Eisensmith* v. *Buhl Optical Co.* 115 W. Va. 776; *Ezell* v. *Ritholz,* 188 S. C. 39, 46–50; *Neill* v. *Gimbel Bros. Inc.* 330 Pa. 213; *Dworken* v. *Apartment House Owners Assn.* 38 Ohio App. 265; *Seifert* v. *Buhl Optical Co.* 276 Mich. 692, 700; *Burden* v. *Hoover,* 9 Ill. 2d 114. Equitable relief has been refused by courts holding that no property right has been encroached upon or imperilled and no nuisance created. *New Hampshire Bd. of Registration in Optometry* v. *Scott Jewelry Co.* 90 N. H. 368. *Macbeth* v. *Gerber's Inc.* 72 R. I. 102. *Delaware Optometric Corp.* v. *Sherwood,* 128 Atl. 2d 812 (Supreme Court of Del.). *New Jersey State Bar Assn.* v. *Northern N. J. Mortgage Associates,* 22 N. J. 184. It is stated in Restatement, Torts, § 710: "One who engages in a business or profession in violation of a legislative enactment which prohibits persons

from engaging therein, either absolutely or without a prescribed permission, is subject to liability to another who is engaged in the business or profession in conformity with the enactment, if, but only if, (a) one of the purposes of the enactment is to protect the other against unauthorized competition, and (b) the enactment does not negative such liability."

The object of our statutes, G. L. c. 112, §§ 66–73B, as amended, wherein the practice of optometry is defined and the practice restricted to those found properly qualified after examination by the board of registration in optometry (see G. L. c. 13, § 16) is to promote public health and welfare by protecting from improper treatment persons suffering from defects of the eye. *Commonwealth* v. *Houtenbrink*, 235 Mass. 320, 323. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148–149. See *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 428–429; *Commonwealth* v. *Ferris*, 305 Mass. 233; *Kay Jewelry Co.* v. *Board of Registration in Optometry*, 305 Mass. 581, 583; *Flynn* v. *Board of Registration in Optometry*, 320 Mass. 29, 34; *New Jersey State Bar Assn.* v. *Northern N. J. Mortgage Associates*, 22 N. J. 184, 195.

Their justification, similarly to that for the statute limiting the right to practise law to members of the bar (G. L. c. 221, § 46A), is not in the protection of the registrants from competition, but in the protection of the public from being advised and represented by incompetent and unreliable persons. See *Lowell Bar Assn.* v. *Loeb*, 315 Mass. 176, 180.

The provisions respecting the right to practise optometry do not suggest a legislative purpose to confer on registrants having such right an additional right to restrain the unauthorized practice by others. Presumably a right of this nature would, if intended to be given, have been specifically granted as was done in the case of persons affected by retail sales made at less than cost with intent to injure competitors or destroy competition. G. L. c. 93, § 14H. See *Fournier* v. *Troianello*, 332 Mass. 636, 639.

In the absence of statutory authority the right of the plaintiffs to maintain these suits depends on whether the allegations bring them within the jurisdiction of equity. The assertion that the activity of the defendants does substantial and irreparable harm to the plaintiffs by interfering with their advantageous relationships with the general public and diminishing the reputation of registered optometrists, including the plaintiffs, with the general public is a mere conclusion. *Laughlin Filter Corp.* v. *Bird Mach. Co.* 319 Mass. 287, 290. *Carson* v. *Gikas*, 321 Mass. 468. *Jacobs* v. *Mann*, 300 Mass. 258, 260. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 474. No facts are stated as to actual or imminent competition or interference with the plaintiffs' practice by the defendants from which it could be found that unless relief is granted the right of the plaintiffs to practise will be impaired to a material degree. See *Kenyon* v. *Chicopee*, 320 Mass. 528, 534.

The allegations that the activities of the defendants constitute a nuisance which endangers the public and threatens it with substantial and irreparable harm purport to be made in the public interest and state reasons for the enforcement of the criminal statutes pertaining to the illegal practice of optometry and the imposition of the substantial penalties provided by §§ 72A and 73A. It is plain that, so far as preventing harm to the public is concerned, the object of these suits is to enforce these penal statutes by injunction. This we have held is not within the jurisdiction of equity. *Commonwealth* v. *Stratton Fin. Co.* 310 Mass. 469. *Malden* v. *Flynn*, 318 Mass. 276. See *Waltham* v. *Mignosa*, 327 Mass. 250, 253.

The objections to so called "criminal equity" are stated in *Commonwealth* v. *Stratton Fin. Co.* at p. 474, and need not be repeated. The remedy by criminal prosecution is said to be complete. The right of the plaintiffs to maintain their suits is not enhanced by calling the illegal practice of the defendants a nuisance. If it were such, which we do not intimate (see *Commonwealth* v. *Stratton Fin. Co., supra,* p. 473), the Attorney General is the proper person to pro-

cure its abatement. *Dartmouth* v. *Silva*, 325 Mass. 401, 404. We think that the plaintiffs, either personally or as representatives of the public, have not stated a case for equitable relief.

*Orders sustaining the demurrers affirmed.*