ATTORNEY GENERAL *vs.* KENCO OPTICS, INC. & another.[1]

Suffolk.   November 4, 1975. — January 2, 1976.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Practice, Civil,* Declaratory proceeding, Parties.   *Jurisdiction, Civil,* Criminal acts, Declaratory relief, Optometry.   *Attorney General. Optometry.   Optician.*

In a suit in equity by the Attorney General against a single optician to secure a declaration that the fitting of contact lenses to the human eye by "all" persons other than licensed optometrists, physicians, and surgeons, is illegal, a demurrer to the bill on the ground that the plaintiff had failed to join all registered opticians as defendants in accordance with G. L. c. 231A, § 8, was properly overruled inasmuch as G. L. c. 231A, § 8, does not require the joinder of persons who would not be bound by the findings of fact or by the judgment but would be affected by a decision only as a precedent on an issue of law.   [414-415]

The fact that the Attorney General in a bill in equity seeking declaratory relief concerning the interpretation of a statute also sought an injunction against conduct subject to criminal sanctions did not require dismissal of the bill, irrespective of the propriety of injunctive relief.   [415-416]

Review of Massachusetts law respecting the fitting of contact lenses by opticians.   [416-418]

---

[1] Kenneth C. Collinson.

The statutes governing the licensing of optometrists, G. L. c. 112, §§ 66-73B, and the licensing of dispensing opticians, G. L. c. 112, §§ 73C-73L, do not prohibit the fitting of contact lenses to the human eye by opticians. [416-418]

Where an action for declaratory relief is properly brought and relief is denied on the merits, the action should not be dismissed and the rights of the parties should be declared. [418]

BILL IN EQUITY filed in the Superior Court on August 24, 1970.

The suit was heard by *Linscott, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Howard Whitehead,* Assistant Attorney General, for the plaintiff.

*Jeffrey J. Binder* for the defendants.

BRAUCHER, J. By this action for declaratory and injunctive relief, the Attorney General presents the question whether a licensed dispensing optician may continue to fit contact lenses to the human eye. Like the trial judge, we hold that until the Legislature speaks further the practice is not illegal. The action should not have been dismissed, however; we order a new judgment declaring the rights of the parties.

The Attorney General brought the action in the Superior Court in 1970. Demurrers were overruled in 1971, and the case was tried in December, 1974, on a stipulation of facts, oral testimony and exhibits. The judge filed a document entitled "Findings, Rulings, and Decree," and judgment was entered dismissing the action. The defendants appealed from the interlocutory decree overruling their demurrers, the plaintiff appealed from the judgment, and the appeals were consolidated. We allowed the plaintiff's application for direct appellate review.

We summarize the judge's findings. The individual defendant, a registered dispensing optician, is president and sole stockholder of the corporate defendant, which is in the business of dispensing optician. As part of their

work they fit contact lenses to the human eye. Contact lenses have been used throughout the United States since well before 1950. The individual defendant has been an optician since 1955; since 1959 he has fitted contact lenses to at least 8,000 people, with no complaint of injury. There is no indication that the health, safety or welfare of the residents of Massachusetts has been in any way endangered by any activity of the defendants. Customarily, a person who wants contact lenses in Massachusetts is examined by an ophthalmologist or an optometrist and a prescription is secured. The ophthalmologist rarely fits the contact lenses. Fittings may be made by the optometrist, or either the ophthalmologist or the optometrist may send the person with a prescription to an optician for fitting. Optometrists feel that they are better qualified than opticians to fit contact lenses to the human eye. Forty-eight ophthalmologists in the Boston-Lynn area have referred patients to the individual defendant for such fitting, as have the Boston University Medical Center Eye Clinic, the Boston City Hospital Eye Clinic, and the Harvard University Health Services.

The judge ruled that the public in Massachusetts has the choice of having a prescription for contact lenses filled by an optician, and that nothing in the applicable statutes prevents duly licensed dispensing opticians in Massachusetts from fitting contact lenses to the human eye on written prescription.

1. *Parties.* The defendants argue that the action should have been dismissed because the Attorney General failed to join all registered opticians as defendants. He sought a declaration that the fitting of contact lenses to the human eye by "all" persons other than licensed optometrists, physicians and surgeons is illegal. Hence, the defendants argue, all opticians have an interest "which would be affected by the declaration," and G. L. c. 231A, § 8, requires that all persons who have such an interest be made parties.

The action was not brought as a class action under Mass. R. Civ. P. 23, 365 Mass. 767 (1974), and it seems clear that neither declaratory nor injunctive relief could be awarded against opticians not made parties defendant. They would not be bound by the findings of facts or by the judgment, but they might be affected by the case as a precedent on an issue of law. We need not now pass on the form which declaratory or injunctive relief should take in such a case. Suffice it for now that G. L. c. 231A, § 8, does not require the joinder of persons who would be affected by a decision only as a precedent on an issue of law. Cf. *Sudbury* v. *Commissioner of Corps. & Taxation,* 366 Mass. 558, 568-569 (1974); *Trustees of Tufts College* v. *Volpe Constr. Co.,* 358 Mass. 331, 340 (1970).

2. *Equity jurisdiction.* The defendants argue that the action should have been dismissed because the Attorney General sought an injunction against conduct subject to criminal sanctions. Cf. *Revere* v. *Aucella, ante,* 138, 146-147 (1975); *Commonwealth* v. *Stratton Fin. Co.,* 310 Mass. 469, 474-475 (1941). In view of our decision on the merits, we do not decide whether injunctive relief could be justified by characterizing the defendants' activities, if illegal, as a "public nuisance," as the Attorney General claims. See *Massachusetts Soc'y of Optometrists* v. *Waddick,* 340 Mass. 581, 585-586 (1960); *Chase* v. *Proprietors of Revere House,* 232 Mass. 88, 94 (1919). We think the jurisdiction of the Superior Court had sufficient basis in the prayer for declaratory relief. G. L. c. 231A, §§ 1-3. *Mobil Oil Corp.* v. *Attorney Gen.,* 361 Mass. 401, 405 (1972). See *Norcisa* v. *Selectmen of Provincetown,* 368 Mass. 161, 173 (1975). When an actual controversy arises as to the scope of a license, and the controversy must be resolved by the interpretation of a statute with criminal sanctions, it may be the part of wisdom for the responsible officials to seek legislative or judicial clarification of the situation before subjecting licensees to the hazard and discomfort of

criminal litigation. We think the Attorney General, as chief law officer of the Commonwealth, is an appropriate officer to seek such clarification. G. L. c. 12, § 3. See *Secretary of Administration & Fin.* v. *Attorney Gen.,* 367 Mass. 154, 159 (1975). In the present situation, there is no basis for an assertion that his decision to seek declaratory relief in preference to criminal prosecution did not serve the public interest.

3. *Opticians v. optometrists.* The basic legal issue in this case has been a matter of public record for more than fifteen years, during which the governing statutes have remained substantially the same. In *Massachusetts Soc'y of Optometrists* v. *Waddick,* 340 Mass. 581 (1960), a registered optometrist and a society of registered optometrists sued to enjoin the fitting of contact lenses by opticians. We denied relief, stating that if the alleged conduct constituted a public nuisance the Attorney General was the proper plaintiff (*id.* at 585-586). Subsequently the Attorney General ruled that the fitting of contact lenses was the practice of optometry and that opticians lacked statutory authority to fit such lenses. Rep. A. G., Pub. Doc. No. 12, at 308 (1965). Opticians then sought declaratory relief; a judge of the Superior Court ruled in favor of the plaintiffs, but on appeal we denied relief in the absence of any showing that the defendant or the Attorney General were threatening to enforce the Attorney General's ruling. *Kelley* v. *Board of Registration in Optometry,* 351 Mass. 187, 192 (1966). A bill was then introduced in the Legislature to give opticians explicit authority to fit "contact lenses" to the human face; but the bill was not enacted. 1967 House Doc. No. 3660.

The governing statutes provide separately for licensing optometrists, G. L. c. 112, §§ 66-73B, and for licensing dispensing opticians, G. L. c. 112, §§ 73C-73L. The practice of optometry is defined to include "the adaptation or prescribing of lenses . . . for the correction, relief or aid of the visual functions." § 66. There is no

separate reference to "contact lenses." No person is to practice optometry until he is registered as an optometrist. § 68. But the statutes on registration of optometrists do not apply "to persons who neither practice nor profess to practice optometry, but who sell . . . lenses, either on prescription from such physicians or surgeons, or from optometrists authorized to practice in the commonwealth." § 73. We have read this provision as exempting from the optometry statutes "opticians engaged in rendering their services." *Kelley* v. *Board of Registration in Optometry, supra* at 188.

"A dispensing optician . . . is a person who prepares and dispenses lenses . . . to the intended wearer thereof on written prescriptions from a duly registered physician or optometrist, and, in accordance with such prescriptions, interprets, measures, adapts, fits and adjusts such lenses . . . to the human face for the aid or correction of visual or ocular anomalies of the human eyes." § 73C. We think that if "lenses" in § 66 include contact lenses then "lenses" in § 73C equally include contact lenses. We further think that "the human face" in § 73C includes the human eye, just as we think it includes the human nose and human ears. We recognize that the statutes are not entirely free from ambiguity in these respects, but we think that if the Legislature wishes to treat contact lenses as something other than lenses or to distinguish the eyes from the face it must say so more clearly. Accord, *Florida Ass'n of Dispensing Opticians* v. *Florida State Bd. of Optometry,* 238 So. 2d 839, 842 (Fla. 1970); *State ex rel. Londerholm* v. *Doolin & Shaw,* 209 Kan. 244, 262 (1972); *State Bd. of Optometry* v. *Chester,* 251 Miss. 250, 259-260 (1964); *High* v. *Ridgeway's Opticians,* 258 N.C. 626, 629 (1963). But cf. *Fields* v. *District of Columbia,* 404 F.2d 1323 (D.C. Cir. 1968) (opticians not licensed); *Burt* v. *People,* 161 Colo. 193, 195-196 (1966) (no violation of injunction under explicit statute); *People ex rel. Watson* v. *House of Vision,* 59 Ill. 2d 508, 513 (1974), cert. denied, 422 U.S.

1008 (1975) (opticians not licensed); *Commonwealth ex
rel. Kentucky Bd. of Optometric Examiners* v. *Economy
Optical Co.,* 522 S.W.2d 444, 445 (Ky. 1975) (explicit
statute); *Attorney Gen. ex rel. Bd. of Examiners in
Optometry* v. *Peterson,* 4 Mich. App. 612, 615-616
(1966), aff'd 381 Mich. 445 (1969) (explicit statute); *State
ex rel. Danforth* v. *Dale Curteman, Inc.,* 480 S.W.2d
848, 856 (Mo. 1972) (opticians not licensed); *New Jersey
State Bd. of Optometrists* v. *Reiss,* 83 N.J. Super. 47, 54
(App. Div. 1964) (explicit statute); *State ex rel. Reed* v.
*Kuzirian,* 228 Ore. 619, 621 (1961) (opticians not
licensed); *Pennsylvania Optometric Ass'n* v. *DiGiovanni,*
45 Pa. D. & C.2d 245, 268 (C.P. of Phila. County 1968)
(opticians not licensed); *South Carolina Bd. of Examiners
in Optometry* v. *Cohen,* 256 S.C. 13, 19 (1971) (explicit
statute).

4. *Disposition.* When an action for declaratory relief
is properly brought and relief is denied on the merits, the
action should not be dismissed. *Haverhill Manor, Inc.* v.
*Commissioner of Pub. Welfare,* 368 Mass. 15, 31, cert.
denied, 423 U.S. 929 (1975). The rights of the parties
should be declared. The judgment entered in the
Superior Court is vacated, and the case is remanded to
that court. A judgment is to be entered declaring that
the applicable statutes do not prevent the defendants,
through duly licensed dispensing opticians, from fitting
contact lenses to the human eye on written prescription.

*So ordered.*