LOUIS J. BERTONAZZI & another[1] *vs.* MECHANICS NATIONAL BANK & another.[2]  February 11, 1980.  In this action the plaintiffs seek a declaration that a sheriff's sale of their home is null and void.  The defendant bank was a judgment creditor and levied on the property.  The plaintiffs do not claim any error in the proceedings prior to the defendant bank's having received the execution.  The plaintiffs claim that the sale of the property should be voided because (1) the sale was adjourned on two separate occasions to holidays (May 30 and July 4), and that the "adjournments" were not announced until the next day, thus violating G. L. c. 236, § 29,[3] by permitting an adjournment for more than seven days; (2) the defendant sheriff was required to notify the plaintiffs on July 23 that he would no longer adjourn the sale, and (3) the sheriff had a duty to notify the plaintiffs that the sale would take place on July 25, 1977.

A judge of the Superior Court dismissed the plaintiffs' complaint but he failed to declare the rights of the parties.  "When an action for declaratory relief is properly brought and relief is denied on the merits, the action should not be dismissed." *Attorney Gen.* v. *Kenco Optics, Inc.,* 369 Mass. 412, 418 (1976).  The Appeals Court reversed on the ground that there was no public declaration of adjournment on May 30, 1977, as required by G. L. c. 236, § 29.  *Bertonazzi* v. *Mechanics Nat'l Bank,* 7 Mass. App. Ct. 935 (1979).  We granted further appellate review.  We declare that the sale was valid and binding.

The sale originally was scheduled for May 2, 1977, and was adjourned from week to week until July 25, 1977, at which time the defendant bank bought the property for $77,048.71.  The plaintiffs claim that two of the dates to which the sale had been adjourned were holidays and that in each instance the sheriff did not adjourn the sale until the next day, which resulted in a delay greater than seven days from the previous adjournment.  There was no error.  General Laws c. 4, § 9,[4] permits an adjournment to the "next succeeding business day."  Moreover, the plaintiffs claim no prejudice from the failure of the sheriff to adjourn the sale until the next business day.  Cf. *Tourles* v. *Hall,* 341 Mass. 299 (1960), where an illegal adjournment directly preceded the sale.  Here neither of the allegedly il-

---

[1] Helen R. Bertonazzi.

[2] Teddy H. Arakelian, deputy sheriff of the county of Worcester.

[3] Section 29.  "If, at the time appointed for the sale, the officer considers it for the interest of all persons concerned to postpone it, he may adjourn it for not more than seven days, and so from time to time until the sale is completed, giving notice of every such adjournment by a public declaration thereof at the time and place previously appointed for the sale."

[4] Section 9.  "Except as otherwise provided, when the day or the last day for the performance of any act, including the making of any payment or tender of payment, authorized or required by statute or by contract, falls on Sunday or a legal holiday, the act may, unless it is specifically authorized or required to be performed on Sunday or on a legal holiday, be performed on the next succeeding business day."

legal adjournments directly preceded the sale. Indeed, as the plaintiffs well knew, the property was encumbered and therefore could not be sold. There is no evidence that the plaintiffs complained to the defendants about either adjournment until after the sale on July 25, 1977.

The plaintiffs claim, without authority, that the defendant sheriff was required to notify them that there would be a sale on July 25, 1977. The short answer is that the sale would be continued from Monday to Monday until consummated, as the plaintiffs well knew. The judge found that the plaintiffs never asked the defendant bank to refinance their home. Moreover, the continuances from week to week were required by virtue of the fact that title to the house was not free and clear until July 23, when another judgment creditor sold a garage owned by the plaintiffs and received sufficient funds to clear its mortgage on both the garage and the house.

The plaintiffs also claim that the sheriff should have notified them of the sale. A sheriff is required by statute to "turn square corners," but here there is no evidence that he failed to do so. Nothing in the record suggests that the sheriff had any knowledge that the bank would purchase the property prior to the morning of July 25, 1977, rather than postpone the sale again. Moreover, the information that another judgment creditor had levied on the plaintiffs' garage in another action was information known to the plaintiffs, not to the sheriff.

Finally, the sheriff said that prior to adjourning each scheduled sale he would look for purchasers in the corridors and that adjournments often were not at the precise time the sale was scheduled. The plaintiffs claim that this failure to adjourn the sale each week at precisely the time set for it on the day of the sale voids the sale. We find the plaintiffs' argument on this issue to be without merit.

The judgment entered in this case by the judge of the Superior Court dismissing the plaintiffs' complaint should be modified to declare valid and binding the sale of the property on July 25, 1977, to the defendant bank.

*So ordered.*

*Milton H. Raphaelson* for the plaintiffs.
*Robert D. Martin* for the defendants.