DISTRICT ATTORNEY FOR THE HAMPDEN DISTRICT *vs.*
CHARLES T. GRUCCI.

Hampden.  September 17, 1981. — October 29, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Conflict of Interest.  Municipal Corporations,* Officers and agents,
    Licensing board. *Alcoholic Liquors.  Declaratory Judgment.*

This court dismissed a complaint by a district attorney alleging that the
    defendant, a selectman of a town, might be in violation of G. L.
    c. 268A, §§ 19(*a*) and 23, and seeking a declaration concerning the
    duties and obligations of the defendant in relation to the conflict of in-
    terest law where the facts agreed to by the parties were insufficient to
    show that the defendant had violated G. L. c. 268A, § 19(*a*), by par-
    ticipating in a particular matter in which he or his employer had a
    financial interest and where, as to the allegation under § 23, the
    district attorney appeared to have no role in relation to selectmen
    under that section, the facts agreed to were insufficient to show the de-
    fendant's violation of that section, and the defendant was no longer a
    selectman at the time the case was argued before this court. [526-529]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 15, 1980.

The case was reported to the Appeals Court by *Cross,* J.
The Supreme Judicial Court granted a request for direct
review.

*John T. McDonough,* Assistant District Attorney, for the
plaintiff.

*Robert Tassinari,* Town Counsel, for the defendant.

WILKINS, J.  The district attorney for the Hampden District
filed a complaint seeking a declaratory judgment concerning
the duties and obligations of the defendant in relation to the
conflict of interest law (G. L. c. 268A).  A judge of the Superi-
or Court reported the case to the Appeals Court on the parties'
agreement as to "the material facts."  We granted the plain-

tiff's request for direct appellate review. We conclude that declaratory relief is not appropriate in this case.

The defendant was one of three members of the West Springfield board of selectmen at the time the complaint was filed and at the time the case was reported to the Appeals Court. We were advised at oral argument that the defendant is no longer a member of the board of selectmen of West Springfield. The selectmen serve as the local licensing authority with respect to alcoholic beverage licenses and the local regulation of licensed sellers of alcoholic beverages. See, e.g., G. L. c. 138, §§ 12, 14, 15, 23. As such, the selectmen are concerned with the granting and transfer of liquor licenses and with disciplinary proceedings concerning holders of local alcoholic beverage licenses. The defendant was and is the sales manager of a wholesale liquor company in West Springfield, engaged in the distribution of beer and wine. The statement of agreed facts provides no information concerning the extent of the involvement of the defendant or his employer in sales to, or in the solicitation of business from, holders of alcoholic beverage licenses in West Springfield. Nor does the statement of agreed facts show the extent, if any, to which the defendant participated as a selectman in matters involving alcoholic beverage licenses and the holders of those licenses.

The circumstances of this case do not permit us to deal with questions concerning the defendant's duties and obligations under the conflict of interest law. As we have noted, the defendant is no longer a member of the board of selectmen and the facts agreed to by the parties are sparse. The district attorney has not asserted that the defendant has violated any provision of the conflict of interest law. He has merely alleged in his complaint that the defendant may be in violation of G. L. c. 268A, § 19 (a),[1] and portions of G. L.

[1] General Laws c. 268A, § 19 (a), as appearing in St. 1962, c. 779, § 1, reads as follows:

"(a) Except as permitted by paragraph (b), a municipal employee who participates as such an employee in a particular matter in which to his knowledge he, his immediate family or partner, a business organization in

c. 268A, § 23.[2] In his brief, the district attorney repeats that the defendant may have violated these statutes. He further suggests that, even if the defendant were to disqualify himself from some or all matters involving alcoholic beverage licenses, there might nevertheless be a problem under subsections (e) and (f) of § 23. The assertion of possibilities does not present a dispute between the parties, and an actual controversy is essential to the granting of declaratory relief. G. L. c. 231A, § 1. See *Department of Community Affairs* v. *Massachusetts State College Bldg. Auth.*, 378 Mass. 418, 422-423 (1979); *Bunker Hill Distrib., Inc.* v. *District Attorney for the Suffolk Dist.*, 376 Mass. 142, 144 (1978), and cases cited.

Because G. L. c. 268A, § 19 (a), is a criminal statute and the plaintiff is responsible for prosecuting criminal violations, the question of the defendant's violation of § 19 (a), if

---

which he is serving as officer, director, trustee, partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest, shall be punished by a fine of not more than three thousand dollars or by imprisonment for not more than two years, or both."

[2] The complaint refers to subsections (e) and (f) in § 23. The plaintiff's brief makes an additional reference to subsection (d). Section 23, as amended through St. 1975, c. 508, limited to subsections (d), (e), and (f), reads as follows:

"*Section 23.* In addition to the other provisions of this chapter, and in supplement thereto, the following are established as standards of conduct for all state, county and municipal employees for the violation of which appropriate administrative action as is warranted may be taken by the appropriate constitutional officer or by the head of a state, county or municipal agency. No officer or employee of a state, county or municipal agency shall:

" . . . .

"(d) use or attempt to use his official position to secure unwarranted privileges or exemptions for himself or others.

"(e) by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties, or that he is unduly affected by the kinship, rank, position or influence of any party or person.

"(f) pursue a course of conduct which will raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust."

properly presented, would not be moot.  As a selectman, the defendant was a "municipal employee" subject to the restrictions of § 19.  G. L. c. 268A, § 1 (g).  We have, however, no indication that the defendant, acting as a selectman, participated in a particular matter in which he or his employer had a financial interest.  One can speculate that the defendant's involvement, if any, or potential involvement in various matters as a selectman might have affected the willingness or ability of license holders to do business with the defendant's employer.  It has been suggested, however, that the words "financial interest" in § 19 (a) must have a restrictive meaning because the words "directly or indirectly" do not appear in § 19 (a), but do appear in other sections of G. L. c. 268A (see, e.g., § 20 [a]).  R. Braucher, Conflict of Interest in Massachusetts, in Perspectives of Law, Essays for Austin Wakeman Scott 3, 24-25 (1964).  Of course, a selectman in such a situation might choose to disqualify himself from participation in such a matter, quite apart from any requirement of law that he do so.  In the case of disqualification, the remaining members of the board could properly deal with the matter.  See *Selectmen of Barnstable* v. *Alcoholic Beverages Control Comm'n*, 373 Mass. 708, 719 (1977).[3]  We do not have a record sufficient to determine whether the defendant in any respect violated § 19 (a).[4]

As to the standards of conduct set forth in § 23, the stated remedy for any violation of those standards is that such "appropriate administrative action as is warranted may be

---

[3] Because the defendant was an elected official, he could not take advantage of the provisions of § 19 (b) concerning the disclosure of any financial interest to "the official responsible for [his] appointment" and a determination by that official that the interest was not so substantial as to be likely to affect the integrity of the employee's services to the municipality.

[4] We note that in cities no licensing authority member may be engaged, directly or indirectly, in the sale of alcoholic beverages.  G. L. c. 138, § 4.  There is no parallel blanket disqualification for selectmen as members of licensing authorities.  *Selectmen of Barnstable* v. *Alcoholic Beverages Control Comm'n*, 373 Mass. 708, 718 n.16 (1977).

taken by the appropriate constitutional officer or by the head of a . . . municipal agency." The district attorney appears to have no role in relation to selectmen under § 23. The other members of a board of selectmen are appropriate parties to invoke the provisions of § 23 as to another member of the board. See *Selectmen of Avon* v. *Linder*, 352 Mass. 581, 582-583 (1967). Because the defendant is no longer a selectman and because we do not have sufficient facts before us to reach any meaningful conclusion concerning the defendant's possible violation of § 23, we decline to state generally any views on the matter. Judgment shall be entered dismissing the complaint because of the absence of an actual controversy justifying the granting of declaratory relief.

*So ordered.*