MICHAEL F. IODICE, trustee, vs. CITY OF NEWTON & another.[1]

Middlesex. January 6, 1986. — April 17, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

Zoning, Special permit; Board of aldermen: decision. Jurisdiction, Zoning, Declaratory relief. Practice, Civil, Zoning appeal, Declaratory proceeding.

An action under G. L. c. 231A by the holder of two special permits for construction of apartment buildings in the city of Newton, seeking a judgment declaring the invalidity of a condition which, pursuant to a city ordinance, had been placed in the permits was, in effect, an appeal from the decision of the board of aldermen granting the permits and was barred by G. L. c. 40A, § 17, where the permit holder did not commence the action within twenty days after the board had filed its decision in the office of the city clerk. [332-335]

CIVIL ACTION commenced in the Superior Court Department on September 9, 1980.

The case was heard by George W. Cashman, J., sitting under statutory authority, and questions of law were reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

Marshall F. Newman for the plaintiff.

Jerold S. Kayden for the city of Newton & another (with him Daniel M. Funk, City Solicitor, Madelyn N. Morris & G. Michael Peirce, Assistant City Solicitors, & Henry T. Goldman).

O'CONNOR, J. In July, 1977, the board of aldermen of Newton (board), acting pursuant to its designation as the special permit granting authority for the city, granted the plaintiff, Michael F. Iodice, special permits to construct apartment buildings on two parcels of land on Commonwealth Avenue. As required by § 30-29 (b) of the Revised Ordinances of the City

_____

[1] The Newton Housing Authority.

of Newton (1973), as amended, each permit contained a condition specifying, in essence, that the plaintiff provide ten per cent of the proposed units to the Newton Housing Authority (housing authority)[2] for use in its subsidized lease program for elderly persons and low-income families. The apartment buildings were completed in January, 1979, at which time the plaintiff complied with the so-called "ten per cent conditions" imposed by the board by making the required number of units available to the housing authority. In September, 1980, however, the plaintiff commenced the present action in the Superior Court seeking, among other things, a declaration that § 30-29 (b) of the revised ordinances and the ten per cent conditions contained in his special permits are invalid.

Prior to trial, the plaintiff and the defendants entered into a stipulation covering most of the relevant facts. After trial, the judge made findings as to the remaining factual issues and reported ten questions of law to the Appeals Court. We allowed the plaintiff's application for direct appellate review and we now hold that, because the plaintiff did not bring this action within twenty days after the filing in the office of the city clerk of the board's decision granting the special permits, the action is barred by G. L. c. 40A, § 17 (1984 ed.). Accordingly, we remand the case to the Superior Court for the entry of a judgment dismissing the plaintiff's complaint.

We summarize the procedural and factual history of this case as found by the judge and as stipulated by the parties. The present appeal marks the second time a case brought by the plaintiff challenging the validity of Newton's "ten percent program" has reached this court. *Middlesex & Boston St. Ry.* v. *Aldermen of Newton,* 371 Mass. 849 (1977). The plaintiff was one of several plaintiffs in that case.

That case involved the validity of a ten per cent condition contained in a special permit issued to the plaintiff in 1973,

---

[2] The Newton Housing Authority was formerly known as the Newton department of housing services. Prior to trial, the housing authority was substituted as a defendant in this action. To avoid confusion, we refer to the housing authority instead of the department of housing services throughout this opinion.

and involved land adjacent to one of the parcels with which the present controversy is concerned. Beginning in 1969, the board, as a matter of its own internal policy, required that the issuance of special permits for the construction of apartment units in excess of the number permitted by the city's density requirements be conditioned upon the reservation of ten per cent of the proposed units for use by the housing authority in its low-income and elderly housing programs. In accordance with this policy, the board included such a condition in the special permit issued to the plaintiff in 1973. After the permit was issued, the plaintiff appealed the imposition of the ten per cent condition to the Superior Court and that court upheld its validity. We reversed.

Based on our interpretation of The Zoning Enabling Act, G. L. c. 40A, and the Newton zoning ordinance, in effect in 1973, we concluded in *Middlesex & Boston St. Ry.* v. *Aldermen of Newton, supra,* that the board had exceeded its authority when it included the ten per cent condition in the special permit issued to the plaintiff. *Id.* at 855, 858. However, we expressly left undecided whether the imposition of such a condition would be constitutionally permissible "if it were (a) authorized by the General Court as part of The Zoning Enabling Act or otherwise and the power to impose it were delegated to the board by municipal ordinance, or (b) authorized by the operation of the Home Rule Amendment and by an ordinance enacted pursuant thereto." *Id.* at 858.

In 1975, the Legislature struck G. L. c. 40A, and inserted a new c. 40A. General Laws c. 40A, § 9, as appearing in St. 1975, c. 808, § 3, provides in pertinent part as follows: "Zoning ordinances or by-laws may also provide for special permits authorizing increases in the permissible density of population or intensity of a particular use in a proposed development; provided that the petitioner or applicant shall, as a condition for the grant of said permit, provide certain open space, housing for persons of low or moderate income, traffic or pedestrian improvements, or other amenities."

In May, 1977, pursuant to that statute, Newton adopted § 24-29 (b), now § 30-29 (b), of the revised ordinances, pro-

viding in relevant part: "Whenever a request under this Section for permission of the Board of Aldermen seeks to increase the density of residential development for apartment houses, apartment hotels, garden apartments, or attached dwellings to a level greater than that permissible without said permit, the Board of Aldermen shall require as a condition of any such grant of permission, the provision, within the development, of low income family and/or elderly housing units amounting to ten percent (10%) of the development's total number of dwelling units."

On July 25, 1977, the board adopted two orders approving the plaintiff's petitions for the special permits at issue in this case. Both special permits required an executed agreement between the petitioner and the housing authority for the reservation of units for low-income occupancy. It is these "ten per cent" conditions and the agreements executed pursuant to these conditions which the plaintiff now seeks to have invalidated by this court. We need address only one of the ten questions reported by the trial judge. That question, set forth in the margin,[3] is whether the plaintiff is barred from maintaining this action because he failed to commence the action within twenty days after the board filed its decision in the office of the city clerk. The question requires interpretation of G. L. c. 40A, § 17.[4]

"The starting point of our analysis is the language of the statute, 'the principal source of insight into [l]egislative purpose.'" *Simon* v. *State Examiners of Electricians*, 395 Mass. 238, 242 (1985), quoting *Commonwealth* v. *Lightfoot*, 391 Mass. 718, 720 (1984). "Where the language of a statute is

---

[3] Question 7: "Is the Superior Court without jurisdiction over the subject matter of the plaintiff's complaint given that the plaintiff failed to take his statutory right of appeal of the so-called ten-percent conditions contained in his permits pursuant to (then) G. L. c. 40A, § 21 (now G. L. c. 40A, § 17)?"

[4] At the time the board filed its decision granting the plaintiff his special permits with the city clerk, the relevant statutory provision was codified at G. L. c. 40A, § 21. That section is now found in G. L. c. 40A, § 17. We refer to the present codification in our discussion above.

plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Gurley* v. *Commonwealth,* 363 Mass. 595, 598 (1973). Section 17 states in relevant part: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . may appeal to the superior court . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk . . . . The court shall hear all evidence pertinent to the authority of the board or special permit granting authority and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board or special permit granting authority or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive . . . ." Thus, by its plain language, § 17 establishes that a person aggrieved by a decision of a special permit granting authority must seek review of that decision, if at all, within twenty days of the filing of the decision in question.

The plaintiff concedes that the present case was not brought within the twenty-day period specified in the statute. Thus, if this action is an "appeal" within the meaning of G. L. c. 40A, § 17, from a decision by the board acting in its capacity as the special permit granting authority for the city, the Superior Court is without jurisdiction to entertain the action, *Shaughnessy* v. *Board of Appeals of Lexington,* 357 Mass. 9, 12-13 (1970), and it must be dismissed. The plaintiff, however, argues that his complaint, structured as a G. L. c. 231A, declaratory judgment action, is not an appeal from the board's July, 1977, decision, but instead is an independent action challenging the validity of the statute and the ordinance on which the board relied in attaching the ten per cent conditions to the special permits. We reject the plaintiff's argument.

General Laws c. 40A, § 17, does not specify the form of the action required to appeal from a special permit-granting authority's decision. The present action is no less an appeal under c. 40A, § 17, because it takes the form of a G. L. c. 231A, declaratory judgment action. See *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446,

455 n.10 (1975). Neither the language of the statute nor the case law suggests that an aggrieved party is not bound by the G. L. c. 40A, § 17, twenty-day requirement if he casts his petition for review in the form of a declaratory judgment action.

The main thrust of the plaintiff's argument appears to be that the twenty-day appeal period applies only to a claim by an aggrieved party that the special permit granting authority erroneously decided a matter committed to it for determination, and that the validity of an ordinance is not such a matter because the powers of the authority "do not include the power to nullify acts of the local legislative body." *Bearce* v. *Zoning Bd. of Appeals of Brockton*, 351 Mass. 316, 319 (1966). However, the fact remains that the plaintiff is challenging the board's decision to grant permits subject to conditions, and G. L. c. 40A, § 17, contains no language limiting its scope in the manner suggested. Instead, § 17 provides that an appeal under its provisions, including the twenty-day limitation, shall be the exclusive remedy of "[a]ny person aggrieved by a decision of . . . any special permit granting authority . . . ." The board's decision was to grant the plaintiff two special permits each containing a ten per cent condition, and the plaintiff claims to have been aggrieved by that decision.

Regardless of its form, the plaintiff's action is an appeal within the meaning of G. L. c. 40A, § 17, and it must fail because it was not timely brought. Our decision is consistent with previous decisions of this court and the Appeals Court recognizing that the Legislature intended that affected parties should be able to rely on the decisions of boards of appeals and special permit granting authorities which have not been challenged within a limited period. See *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 623-624 (1983); *Elder Care Servs., Inc.* v. *Zoning Bd. of Appeals of Hingham*, 17 Mass. App. Ct. 480 (1984).

We answer question number 7, "Yes, the Superior Court is without jurisdiction over the subject matter of the plaintiff's complaint." Therefore, we do not answer the remaining re-

ported questions, and we remand the case to the Superior Court for the entry of a judgment dismissing the plaintiff's complaint.[5]

*So ordered.*

---

[5] Ordinarily, when a party brings a declaratory judgment action pursuant to G. L. c. 231A, the rights of the parties should be declared. *Attorney Gen.* v. *Kenco Optics, Inc.,* 369 Mass. 412, 418 (1976). However, where the court lacks jurisdiction to make a declaration of rights, the correct disposition of the case is dismissal of the complaint. See *District Attorney for the Hampden Dist.* v. *Grucci,* 384 Mass. 525, 529 (1981).