Lauriat, J.
Manuel Kramer (“Kramer”), acting pro se, has brought a Joined [sic] and Amended Complaint (“the Amended Complaint”) against the members of the Somerville Zoning Board of Appeals, the Ciiy of Somerville, Nextel Communications, Inc. and its agent, John Kovacs, 88 Beacon Street Realty, Inc. and its agent, Phil Privitera, and Greenman-Pederson, Inc., seeking equitable and declaratory relief pursuant to G.L.c. 231A, §1. The Amended Complaint, in several counts, alleges that Kramer received no notice of the public hearings that led to the Somerville Zoning Board of Appeals’ issuance of a special building permit to Nextel Communications (“Nextel”), as required by G.L.c. 40A, §11 and, that as such, his rights under the Fourteenth Amendment of the United States Constitution were violated.
The Somerville Board of Zoning Appeals and the City of Somerville have now moved, pursuant to Mass.R.Civ.P. 12(b)(1), to dismiss Kramer’s Amended Complaint for failure to timely file his complaint under G.L.c. 40A, §17. Nextel Communications, Inc. and its agent, John Kovacs, and 88 Beacon Street Realty, Inc. and its agent, Phil Privitera, have moved to dismiss Kramer’s Amended Complaint for failure state a claim upon which relief can be granted, on the ground that it was untimely filed. And Greenman-Pederson, Inc. (“Gpi”) j-,as moved to dismiss Kramer’s Amended Complaint on the ground that it is untimely. For the reasons set forth below, the defendants’ collective motions to dismiss are allowed.
BACKGROUND
For purposes of the defendants’ collective motions, the court accepts all of Kramer’s well-pleaded allegations in his Amended Complaint as true. On October 11, 2001, the Somerville Zoning Board of Appeals issued a special permit to Nextel Communications to allow the construction of a wireless antenna facility (“the facility") on the roof of 88 Beacon Street, Somerville, Massachusetts (“88 Beacon Street”). The permit was filed in the office of the Somerville City Clerk on the same day. Ninety-Four Beacon Street, known as the Beacon Place Condominium, is an abutting building. No notice of the Zoning Board’s public hearing regarding Nextel’s application for a special permit was provided to the sixty-four owner-residents of the condominium, the trustees of Beacon Place Condominium, the building superintendent, the management company, or Kramer. Such notice was required under G.L.c. 40A, §11.
Construction of the facility began sometime in early May 2003. Kramer first discovered evidence of the construction of the facility on May 4, 2003. The completed facility, which can be seen from Kramer’s apartment, measures twelve feet by twelve feet at the base, ten feet high, and is located approximately forty feet from Kramer’s condominium windows. The facility blocks one third of his view. On May 20, 2003, Kramer filed his appeal of the Zoning Board’s decision to grant Nextel the special permit, pursuantto G.L.c. 40A, §17. He amended that complaint on June 30, 2003.
DISCUSSION
When evaluating the sufficiency of a complaint, the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. *80 Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). A motion to dismiss for failure to state a claim will be granted only if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992), quoting Nader v. Citron, 372 Mass. 96, 98 (1977); Mass.R.Civ.P. 12(b)(6). All inferences should be drawn in the plaintiffs favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991). A complaint will not be dismissed if it supports relief on any theoiy of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
When a parly brings an action pursuant to G.L. 231 A, §1 for declaratory relief, the court should declare the rights of the parties. Iodice v. City of Newton, 397 Mass. 329, 335, n.5 (1986), citing Attorney Gen. v. Kenco Optics, Inc., 369 Mass. 412, 418 (1976). Dismissal of the complaint is appropriate, however, where the court lacks jurisdiction to make such a declaration. Id., citing Dist. Attorney for the Hampden Dist. V. Grucci, 384 Mass. 525, 529 (1981).
I. General Law c. 40A, §17
A statute must be interpreted “in accord with the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated and to avoid imputing a barrenness of accomplishment.” Champigny v. Commonwealth, 422 Mass. 249, 251 (1996). Where the language of a statute is plain and unambiguous, it must be given its ordinary meaning. Commonwealth v. Brown, 431 Mass 772, 775 (2000); Iodice, 397 Mass, at 332-33. The court will not reach an interpretation that would negate legislative intent or defeat its statutory utility. Milton Commons Assocs. v. Bd. of Appeals of Milton, 14 Mass.App.Ct. 111, 116-17(1982).
General Law c. 40A, §17 provides a party aggrieved by the decision of a board of appeals or any special permit granting authority with a mechanism for judicial review. Where defects of procedure or notice are challenged with respect to the required public hearings under §11, as in the present case, judicial review must be “commenced within ninety days after the decision has been filed in the office of the city or town clerk.” Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, (1986); G.L.c. 40A, §§11, 17. The plain, unambiguous, and ordinary meaning of the pertinent language in §17 requires all appeals based upon lack of notice of the public hearing to be filed within ninety days.
In the present case, the Somerville Zoning Board’s decision to grant Nextel a special permit to build its facility on the roof of 88 Beacon Street was filed in the office of the Somerville City Clerk on October 11,2001. Kramer’s original Complaint was filed on May 20, 2003, well after the ninety-day limitation set by §17. This court, therefore, lacks jurisdiction to make a declaration of the parties’ rights pursuant to G.L.c. 231 A. Iodice, 397 Mass, at 335, n.5. The defendants’ motions to dismiss must therefore be allowed.
II. The Fourteenth Amendment
The Fourteenth Amendment of the United States Constitution prohibits states from depriving persons of their property without due process of the law. U.S. Const. Amend. XTV, §1. Thus, the state must provide “notice reasonably calculated, under all circumstances, to apprise [sic] interested parties of the pendency of the action and afford them an opportunity to present their objections. [This is an] elementary and fundamental requirement of due process in any proceeding which is to be accorded finality,” prior to an action where a deprivation of property is sought. Mennonite Board of Missions v. Adams, 462 U.S. 791, 798 (1983), Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Cappuccio, 398 Mass, at 312, citing Mullane.
In the present case, Kramer asserts that he was not provided with the notice required by G.L.c. 40A, §11, of the public hearing that was held prior to the issuance of Nextel’s special permit. As a result of the Zoning Board’s failure to provide notice, Kramer further states that he was deprived of his property, namely the view from a portion of his condominium. “The violation of a state statute [however] does not automatically give rise to a violation of rights secured by the Constitution.” Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 831, 832-833 (1st Cir. 1982), cert, den., 459 U.S. 989 (1982).
The notice requirement of the Fourteenth Amendment protects Kramer from deprivation of his property, not from actions taken by others with respect to the use and enjoyment of their property. See Bd. of Regents v. Roth, 408 U.S. 564, 569-78 (1972); Smith v. Bd. of Appeals of Plymouth, 340 Mass. 230, 232 (1960); Boyle v. Bldg. Inspector of Malden, 327 Mass. 564, 566-67 (1951). While an aggrieved party has standing under G.L.c. 40A, §17 to appeal the decision of a zoning board which results in the loss or partial loss of his view, the due process guarantees of the Fourteenth Amendment do not so provide. See DiCicco v. Berwick, 27 Mass.App.Ct. 312 (1989). The “exclusive remedy of a person aggrieved by a decision of [a zoning board],” in these circumstances, “is the statutory appeal to the Superior Court” pursuant to G.L.c. 40A, §17. Smith, 340 Mass, at 232. Kramer’s failure to file a timely appeal precludes such relief under G.L.c. 40A, §17.
Kramer can prove no set of facts in support of his claims which would entitle him to relief under §1 of the Fourteenth Amendment. General Motors Acceptance Corp., 413 Mass, at 584; Mass.R.Civ.P. 12(b)(6). *81 The defendants’ collective motions to dismiss Kramer’s Amended Complaint must therefore be allowed.
ORDER
For the foregoing reasons, the Motion to Dismiss filed by the members of the Somerville Zoning Board of Appeals and the City of Somerville is ALLOWED; the Motion to Dismiss in Lieu of Answer filed by Nextel Communications, John Kovacs, 88 Beacon Street Realty, Inc. and Phil Privitera is ALLOWED, and Green-man-Pederson, Inc.’s Motion to Dismiss is ALLOWED.