NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-827

WINDROCK TRUST COMPANY, LLC, trustee,[1]

vs.

PLANNING BOARD OF LINCOLN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a 1980 decision made by the planning board of Lincoln (board). The decision conditioned the board's approval of a special building permit on the applicant developer's agreement to burden certain properties in its proposed subdivision with a recreational trail easement. In 2022, the current owner of one of the burdened properties (trust) brought suit in Land Court seeking to invalidate the easement on its property. A judge of that court allowed the board's motion to dismiss the operative complaint pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), and

_____

[1] Of the Oak Ridge Realty Trust IX.

subsequently denied the trust's motion to amend the judgment and for leave to further amend its complaint. See Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974); Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974); Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974). The trust appeals from the judgment and the judge's rulings on the postjudgment motion. We affirm.

Background. In 2022, the trust, through its trustee, filed a complaint in the Land Court seeking "to invalidate a Bylaw that permitted the unjust taking of property belonging to the [trust] by means of Special Permit Covenant . . . for Limited Trail Easements . . . imposed by the [board] on [the trust's] property."[2] Following some procedural wrangling that is beyond the scope of this decision, the motion judge permitted the trust to file a third amended complaint and, after a hearing, allowed the board's motion to dismiss that complaint. See Mass. R. Civ. P. 12 (b) (1). After judgment entered, the trustee moved (1) to amend the judgment under Mass. R. Civ. P. 59 (e) or, in the alternative, for relief from judgment under Mass. R. Civ. P. 60 (b) (6); and (2) to further amend its complaint. When the

---

[2] The trust's original and amended complaints purported to seek relief both for the trust itself, and on behalf of the owners of other parcels subject to the easement at issue. The trust has not demonstrated standing to pursue claims on behalf of any other property owner, however.

2

motion judge denied the trust's requests, the trust appealed from the judgment and the denial of its motion to amend both the judgment and the third amended complaint.

Discussion. 1. Motion to dismiss. We review the judge's ruling on the board's motion to dismiss de novo. See Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 231 (2015). Where, as here, a motion to dismiss for lack of subject matter jurisdiction is unsupported by affidavits, we take the allegations of the complaint as true for the purposes of deciding the motion. See Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709-710 (2004). Accordingly, we begin our review by summarizing the relevant facts as alleged in the trust's third amended complaint.

The trust's property (property) is part of a residential subdivision developed in the 1980s. In November 1980, the board issued a special permit to the original developer of the subdivision. The special permit and, as a result, the subdivision's final approval were conditioned on the developer granting a recreational trail easement (easement) over portions of the subdivision to the Lincoln Land Conservation Trust. In August 1981, the plan and the required easement were recorded at the Middlesex registry of deeds, along with a covenant with the town for, inter alia, "[a] fifty . . . foot wide Trail Easement

3

for passive transient recreational use over [specified lots]."[3] The subdivision was approved, the developer sold the property encumbered by the easement, and the property was later acquired by the trust.

In the third amended complaint, the trust sought a determination of the validity of certain town zoning bylaws under G. L. c. 240, § 14A. The complaint also alleged, inter alia, that by maintaining the easement over the trust's property, the board violated the subdivision control law, G. L. c. 41, §§ 81L, 81M, 81Q, 81T, 81U, 81W; engaged in impermissible "spot zoning," see G. L. c. 40A, §§ 3, 4, 5, and other violations of the town zoning bylaws; ran afoul of G. L. c. 59, § 2A (b); violated the Massachusetts Constitution; and invited criminal trespassing on the property. See G. L. c. 266, § 120. Tellingly, however, although the complaint stated that the purpose of the lawsuit was to "seek[] a binding determination of rights to establish the invalidity of zoning as applied in this case," citing to G. L. c. 240, § 14A, it also explicitly sought to use the lawsuit "to recover the taken property."

After careful review of the trust's allegations, and for substantially the same reasons as those the judge set forth in

---

[3] The developer later recorded an amended grant of easement, but nothing about that amendment affects our analysis.

4

his memorandum of decision, we agree with the board that the trust's claims are time-barred, and thus affirm the dismissal of the trust's complaint. See Mass. R. Civ. P. 12 (b) (1). Each of the trust's claims is, at bottom, a challenge to the board's 1980 decision regarding the conditions under which it would grant a special permit to the developer of the subdivision in which the trust's property is located. That decision was not immune from review (and may have even failed on review), but the time for seeking that review expired approximately forty years before the trust filed suit in this case.[4] See G. L. c. 40A, § 17.

As the board correctly contends, the "exclusive remedy [for] '[a] person aggrieved by a decision of . . . any special permit granting authority'" is under G. L. c. 40A, § 17. Iodice v. Newton, 397 Mass. 329, 334 (1986), quoting G. L. c. 40A, § 17. Section 17, in turn, includes a twenty-day window in which one may seek relief. See G. L. c. 40A, § 17. This statutory time limit is strictly enforced. See Iodice, supra at 333 (aggrieved party must seek review, "if at all, within twenty

_____

[4] This is not, as the trust argues, an "exhaustion of remedies" analysis. We do not suggest that the trust was required to bring its challenge as a prerequisite to its claims under G. L. c. 240, § 14A; we instead conclude that the trust's sole avenue for relief was under a different, time-limited statute. See G. L. c. 40A, § 17.

5

days of the filing of the decision in question").  See also

Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808 (1976).

Because the permit in this case was issued in 1980, the trust's

2022 challenge to the board's permitting decision was time-

barred, and the judge lacked jurisdiction over the trust's

claims.  See Iodice, supra.  The board was therefore entitled to

dismissal of the trust's third amended complaint.

2.  Request to amend judgment.[5]  We discern no abuse of

discretion or other error in the judge's denial of the trust's

motion to amend the judgment from "dismissal with prejudice" to

"dismissal without prejudice."[6]  See Wojcicki v. Caragher, 447

Mass. 200, 208-209 (2006).  To the extent that the trust's

motion was based on its contention that the judge erred in

dismissing the trust's claims in its third amended complaint, we

disagree for the reasons discussed above.  The trust's

---

[5] Judgment entered in this case on March 16, 2023.  The trustee filed the trust's motion under Mass. R. Civ. P. 59 (e) (or, alternatively, under Mass. R. Civ. P. 60 [b] [6]) on March 31, 2023.  Because the board does not argue that the motion was untimely, see Mass. R. Civ. P. 59 (b), and because we affirm the judge's order denying the motion, we assume without deciding that the trust's motion was properly before the judge.

[6] The trust's motion to amend the judgment included an alternative request for relief from judgment, citing to Mass. R. Civ. P. 60 (b) (6).  On appeal, the trust focuses on its argument under rule 59 (e) and does not make a separate argument under rule 60 (b) (6).

alternative argument -- that the judge overlooked its claims that the easement (and the specter of potential expansion of that easement) unfairly clouded the trust's title to its property -- was simply another effort by the trust to present its challenge to the special permit under a different guise. The trust's reliance on Banquer Realty Co. v. Acting Bldg. Comm'r of Boston, 389 Mass. 565, 570 (1983), does not aid its position, if for no other reason than the fact that the Supreme Judicial Court considered the building commissioner's interpretation of a zoning bylaw in that case, rather than the propriety of the conditions of a special permit.

The trust's remaining challenges to the judge's denial of its rule 59 (e) motion[7] were either waived or do not rise to the level of appellate argument, and we do not consider them. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

3. Request to amend complaint further. "[A] motion to amend should be allowed unless some good reason appears for

---

[7] This includes the trust's arguments on the property's tax classification, the trust's potential liability for injuries occurring in the course of the public's use of the easement, the board's lack of authority to take property by eminent domain, and the trust's critique of the judge's citation to unpublished legal authority.

denying it."  Doherty v. Admiral's Flagship Condominium Trust, 80 Mass. App. Ct. 104, 112 (2011), quoting Spillane v. Adams, 76 Mass. App. Ct. 378, 390 (2010).  Futility of the amendment, however, qualifies as a "good reason."  See Doherty, supra (futility "good reason" for denying motion to amend [citation omitted]).

In the present case, the trust's proposed amendment added new theories, but no new factual or legal bases for its overall challenge to the easement requirement established in the 1980 special permit.  Accordingly, we discern no abuse of discretion in the judge's denial of the trust's motion to further amend its complaint.[8]

4.  Requests for appellate fees and costs.  The trust has not prevailed on appeal and has not persuaded us that there is an appropriate basis on which to award it appellate attorney's fees and costs.  Cf. Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 433 (2005); Brancaleone v. Parisi, 3 Mass. App. Ct. 566, 573-574 (1974).  Accordingly, we deny its request for fees and costs.

While the board makes a more compelling case for recovery of its appellate attorney's fees and costs as the prevailing

---

[8] To the extent that the trust raises new arguments on appeal, we do not consider them.  See Carey, 446 Mass. at 285.

8

party, see Twin Fires Inv., LLC, 445 Mass. at 433, we conclude that the trust's appeal, while ultimately unsuccessful, was not frivolous.  See Pierce v. Clark, 66 Mass. App. Ct. 912, 915 (2006) (declining to award appellate attorney's fees and costs when "appeal [was] neither frivolous nor an egregious use of the appellate process").  Accordingly, the board's request for fees and costs is denied.

Conclusion.  The judgment is affirmed.  The order denying the trust's motion to amend the judgment and for leave to further amend the complaint is likewise affirmed.

So ordered.

By the Court (Massing, Hand & Smyth, JJ.[9]),

Clerk

Entered:  November 20, 2024.

---

[9] The panelists are listed in order of seniority.

9