PHILIP S. WELD & another *vs.* BOARD OF APPEALS OF GLOUCESTER & another.

Essex.    December 4, 1962. — February 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Special permit; Board of appeals: decision.

A decision of the board of appeals of a city under its zoning ordinance that the board "approves the granting" of a special permit for the operation of a hotel subject to the restriction, among others, that "the water situation must be arranged to the satisfaction of all concerned" implied that a further determination must be made by the board before a permit could issue and did not constitute a present grant of a permit, and must be annulled as in excess of the authority of the board.

BILL IN EQUITY filed in the Superior Court on July 12, 1961.

The suit was heard by *Gourdin,* J.

*Philip M. Cronin* for the plaintiffs.

*Edward Morley* for the defendants.

WHITTEMORE, J.    The plaintiffs appealed to the Superior Court under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, from a decision of the board of appeals of the city of Gloucester (the board) under § 3 h of the zoning ordinance. The decision recites that the board "approves [subject to restrictions] the granting of a permit" to Thomas C. Howard, trustee of the Cape Ann Realty Trust, to operate a hotel in several structures on land in that part of the city known as Dolliver's Neck in a single residence district.

The plaintiffs are aggrieved parties who own and reside on nearby land.

The judge after making findings entered a final decree which sustained the decision. This is the plaintiffs' appeal from that decree. The exhibits and a condensation of evidence are before us.

The zoning ordinance in § 3 h authorizes hotels, motels, and tourist courts in a single residence district but only if, after a public hearing, the board shall issue a permit. "If the permit shall be granted with conditions, regulations or limitations such as the board may deem necessary to protect the community and the city, such . . . shall be specified in writing on the permit . . . and . . . may be changed by the board . . . from time to time in the interests of the community and of the city after hearing."

General Laws c. 40A, § 4, authorizes exceptions to the regulations or restrictions of a zoning ordinance or by-law which are "in harmony with . . . [its] general purpose and intent . . . and may be subject to general or specific rules therein contained. The board of appeals . . . may [after public hearing], in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit . . . in accordance with such an exception."

Section 15 of c. 40A gives the board of appeals power "2. To hear and decide applications for special permits for exceptions as provided in section four upon which such board is required to pass."

The board's decision, under date of June 28, 1961, provides, inter alia: "The previous petition was also for a hotel or inn, but structural plans and specifications filed did not comply with zoning ordinance, and permission to withdraw without prejudice was given by the board [under date of March 13, 1961]. . . . The board approves the granting of a permit subject to the following restrictions: . . . 3. The sewage disposal system shall be completed in accordance with plans previously filed, subject to the approval of the local and state boards of health. 4. The water situation must be arranged to the satisfaction of all concerned.

5. The road to the petitioner's property must be opened and improved to at least the width of twenty (20) feet. 6. Inside construction shall be in accordance with the plans filed, and the building code. The above restrictions shall be completed within two (2) years from date, and when complete, a permit for actual operation of the hotel or inn, will be issued. This decision to be valid shall be recorded with Essex South District Deeds.''

Restriction 4 refers to the fact that water for the locus and for the property of the plaintiffs comes, under a revocable permit, from a Coast Guard water main. In the decision of March 13, 1961, in which leave to withdraw was given, the board recited: ''[T]he question of water supply is of importance, but there is sufficient evidence that should the present supply be shut off, water can be obtained from the city across the marsh at Freshwater Cove as before, or by artesian wells, and satisfactory reports have been filed with the board regarding the same. No attempt has been made to solve the water problem, either by the above or by agreement with the United States Coast Guard, over whose land the main may pass.''

We assume that the board may condition the right to operate under a permit presently issued upon the completion of proposed work in accordance with identified plans or other certain standards. Thus, restrictions 3 and 6 would not necessarily bar our construing the board's decision as a present permit notwithstanding that the board withheld the specific writing which would constitute the actual permit. But in restriction 4 the board defeats such a construction. The requirement that the ''water situation must be arranged to the satisfaction of all concerned'' necessarily implies that the board must make a further determination of substance before the permit can issue. The words ''all concerned'' include not only parties to this suit, but any other persons who may be affected by the particular arrangement. The words must also refer to the board, for otherwise the board would be delegating its function. Having found that a satisfactory arrangement is a necessary

condition of the permit, it must determine whether the condition is met.

The requirement of restriction 5 that the "road . . . must be opened and improved" also suggests a future decision in respect of presently undefined standards, but we rest our decision on restriction 4.

It follows that the decision of June 28, 1961, which does not operate as a permit or determine that one shall issue, is invalid and must be annulled. The board has no power to issue advisory opinions or to make decisions which partially commit it to the issuance of a permit.

The final decree must be reversed and a decree is to be entered that the decision of the board of appeals of the city of Gloucester was in excess of its authority and is annulled.

*So ordered.*