FREDERICK J. MARIA & others *vs.* BOARD OF APPEAL OF LOWELL & another. April 1, 1965. Final decree affirmed. Notice to the city clerk of the plaintiffs' bill in equity under G. L. c. 40A, § 21, was not given within twenty days after the decision of the board had been filed in the city clerk's office as § 21 requires. Hence the Superior Court had no jurisdiction. *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418. The plaintiffs argue that the action of the board from which they had appealed as a decision under § 21 was not a decision of the kind referred to in § 21. This argument in a circle is unavailing; the bill of complaint of course had to get over the threshold as an appeal from a decision in order to present any issue for the court's consideration. Compare *Spaulding* v. *Board of Appeals of Leicester,* 334 Mass. 688. We agree with the judge, however, that the recorded action of the board in this case was an appealable decision. The motion on which all members "voted in favor" could not be understood to be anything other than a motion to grant the petition for a permit under § 17 of the zoning ordinance (see G. L. c. 40A, § 4) for a convalescent home. It incorporated a brief statement of the facts and reasons for the decision. G. L. c. 40A, § 18.

*Charles J. Zaroulis* for the plaintiffs.
*Richard K. Donahue* for the defendant Robert C. Wilkins, Inc.