EUPHEMIA DONAHUE *vs.* RODD ELECTROTYPE COMPANY OF NEW ENG-
LAND, INC. & others. February 20, 1974. The plaintiff, an eighteen per cent minority stockholder in a close Massachusetts corporation, has appealed from a final decree of the Superior Court dismissing her bill by which she sought, derivatively in behalf of the corporation, to secure a rescission of the corporation's purchase of a different eighteen per cent of its then outstanding capital stock from another minority stockholder upon the occasion of the latter's retirement as a long time officer and director of the corporation and his withdrawal from the management of the corporate business. The case is here on voluntary findings of the trial judge which do not appear to be a complete report of all the facts on which he based his decree, and the evidence is reported. See *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561-562 (1938); *Wilson* v. *Jennings,* 344 Mass. 608, 611 (1962). The stock was purchased for the treasury of the corporation (see *Barrett* v. *W. A. Webster Lumber Co.* 275 Mass. 302, 308 [1931]; *Scriggins* v. *Thomas Dalby Co.* 290 Mass. 414, 419-420 [1935]; *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 430-431 [1937]) at a price per share less than either the then liquidating value per share (see the *Spiegel* case, 297 Mass. at 429) or the then book value per share (see *Winchell* v. *Plywood Corp.* 324 Mass. 171, 178 [1949]) at a time when, as the judge properly found, neither the directors nor the selling stockholder had any reason to anticipate the unrelated operating losses which subsequently occurred (see the *Barrett* case, 275 Mass. at 308; the *Scriggins* case, 290 Mass. at 421; the *Spiegel* case, 297 Mass. at 432); the purchase did not effect any significant change in the ultimate control of the corporation (cf. *Andersen* v. *Albert & J. M. Anderson Mfg. Co.* 325 Mass. 343, 346-347 [1950]). The trial judge expressly found that the purchase did not result in any prejudice to the plaintiff (see the *Barrett* case, 275 Mass. at 309; the *Scriggins* case, 290 Mass. at 418; the *Spiegel* case, 297 Mass. at 430-431) or to the corporation's creditors (see the *Barrett* case, 275 Mass. at 307; the *Scriggins* case, 290 Mass. at 418; the *Spiegel* case, 297 Mass. at 430). It is clear to us from the principles expounded and the authorities cited by the trial judge in his order for decree (*e.g.,* the *Winchell* case, 324 Mass. at 174-175 and 177) that he also impliedly found that the directors acted in good faith in approving and effecting the purchase (see also the *Barrett* case, 275 Mass. at 307;

the *Scriggins* case, 290 Mass. at 418) and that the purchase was inherently fair to the corporation. We cannot say that any of those findings, whether express or implied, was plainly wrong. Nor can we agree that the corporation or its directors were under an obligation to buy shares ratably from all the stockholders. See the *Spiegel* case, 297 Mass. at 431.

*Final decree affirmed with costs of appeal to the defendants.*

*Michael B. Latti & William M. O'Brien* for the plaintiff.
*Harold E. Magnuson* for the defendants.