PLANNING BOARD OF FALMOUTH *vs.* BOARD OF APPEALS
OF FALMOUTH & others.

Barnstable.    January 12, 1977. — May 19, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Zoning appeal.  *Jurisdiction,* Zoning.  *Zoning,* Special
permit; Board of appeals: decision.

A decision of a town's board of appeals which granted a variance for
the construction of a "neighborhood" shopping center subject to a
condition that the building permit was to issue only after a new
plan had been submitted differing in certain specified respects from
an earlier plan but which did not contemplate a further determina-
tion of substance by the board of appeals constituted a present grant
of a variance even though some of the stated conditions were vague.
[325-327]
A decision by a board of appeals purporting to act on an application
for a variance is presently appealable whether conditioned on fur-
ther determinations of substance or not. [327-328]

BILL IN EQUITY filed in the Superior Court on February
21, 1973.

The suit was heard by *Prince, J.*

*Edward W. Kirk* for the Planning Board of Falmouth.
*Brendon J. Perry* for Vincent Watson & another.

ARMSTRONG, J.    On February 21, 1973, the planning
board filed this appeal under G. L. c. 40A, § 21, as in effect
prior to St. 1975, c. 808, § 3, from a decision of the board
of appeals relative to the grant of a variance for the con-
struction of a "neighborhood" shopping center in an agri-

cultural district. The decision had been filed with the town clerk on January 31, 1973, twenty-one days before the filing of the appeal; and for that reason the trial judge ruled that the court was without jurisdiction and ordered the appeal dismissed. See *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32 (1953); *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 808 (1976); *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 443 (1975).

The planning board challenges the correctness of that disposition, contending (1) that the decision of the board of appeals was not in fact or in law a decision granting a variance, but was, rather, an opinion or statement advising the applicants that a variance would be granted after certain conditions were complied with, implying the necessity for further action by the board, and thus analogous to the "decision" in, and invalid for the reasons given in, *Weld* v. *Board of Appeals of Gloucester,* 345 Mass. 376 (1963), and (2) that because the action taken by the board was not a decision within the meaning of G. L. c. 40A, § 21, the twenty-day period specified therein does not bar the appeal. Without suggesting that an appeal under § 21 would lie from an action falling short of a decision (see *Maria* v. *Board of Appeal of Lowell,* 348 Mass. 798 [1965]), we hold that neither of the points argued has merit.

1. The portions of the decision which bear on the planning board's contention that it was not in legal effect a decision presently granting a variance are set out in the margin.[1] The language of the decision purports to be that

---

[1] "DECISION OF THE BOARD OF APPEALS ... WHEREAS, The Board of Appeals is of the opinion that the variance is granted with the conditions stated below ... NOW THEREFORE BE IT RESOLVED, that the Board of Appeals ... hereby grants this petition and authorizes a permit to be issued ... subject to the following conditions: A. Submission of a new plan showing the following: 1. Eight stores with offices above, as per plan which accompanied the application; with no other buildings on the property. 2. An eight foot cedar fence to be erected along the entire rear line of the property to protect abutting residential property — with a staggered line of trees planted

of a present grant of a variance (compare *Potter* v. *Board of Appeals of Mansfield*, 1 Mass. App. Ct. 89, 94 [1973]), subject to a condition that the building permit is to issue only after a new plan is submitted differing in certain specified respects from an earlier plan which accompanied the application. Some of the numbered specifics are stated so vaguely ("a staggered line of trees" and "scattered locations" in no. 2, "adequate but shielded lights" in no. 6) as almost to guarantee difficulty in enforcing compliance. Nevertheless, the decision does not appear to contemplate further discretionary action by the board prior to the issuance of the permit. Rather, it appears that the board exercised its discretion to grant the variance subject to the submission of a new plan showing specified modifications. Contrast *Potter* v. *Board of Appeals of Mansfield*, 1 Mass. App. Ct. at 97. That the specified modifications were not stated with desirable clarity does not change the essential character of the board's action.

The distinction we draw is between a condition which contemplates a further determination of substance by the board of appeals and a condition which is simply vague. In *Weld* v. *Board of Appeals of Gloucester, supra,* it was assumed that a board of appeals could render a valid decision granting a permit, even though it "withheld the specific writing which would constitute the actual permit"

---

on the applicants side of said fence. Protection of this kind shall also be placed on the side line abutting Mr. Lino's property, if he wants it. The above mentioned trees shall be planted and maintained along with twenty maple trees, not less than 10 ft. in height, which are to be placed in scattered locations in the parking area. Trees must be planted prior to framing of Bldgs. 3. One sign in accordance with Falmouth Zoning Regulations. 4. Entrance and exit separated by an island — to be provided on the Rte. #28 frontage, in accordance with State Regulations. 5. Access to be provided on Central Avenue as per plan. 6. Adequate but shielded lights to be provided in the parking area, with a note on the plan to indicate that the parking area will remain open to the public at all times. B. This variance is granted to the applicants and is not transferable until the project has been completed and in operation for not less than five years. C. No more than eighteen months shall elapse from the signing of this permit, before construction shall be started." The decision was signed and marked "yes" by each of the members of the board under the heading, "Vote to Grant."

pending compliance with conditions;[2] but the decision under review was held not to amount to a grant of a permit because it "necessarily implie[d] that the board must make a further determination of substance before the permit [could] issue." 345 Mass. at 378. No comparable further "determination of substance" is contemplated by the decision in the present case. Compare *Zartarian* v. *Minkin*, 357 Mass. 14 (1970) (a grant of a special permit subject to further determinations of substance by the board, but those determinations, if adverse to the applicant, were to operate as conditions subsequent, terminating the permit), in which, as in the present case, the board "did not commit itself to the granting of a permit in the future contingent upon a further determination." 357 Mass. at 18. In this case, as in the *Zartarian* case, the decision of the board amounted to a present grant of a variance, appealable upon filing with the town clerk.

2. We also think that a decision by a board of appeals purporting to act on an application for a variance is presently appealable whether conditioned on further determinations of substance or not. The contingency may have the effect of making the decision unlawful (see the *Weld* case, *supra*, and the *Potter* case, *supra*) but it does not vitiate its character as a "decision." The *Weld* case was disposed of by annulling the decision of the board, not by dismissing the appeal therefrom. The zoning enabling act does not limit the right of appeal (G. L. c. 40A, § 21, as amended through St. 1974, c. 78, § 1; § 17, as appearing in St. 1975, c. 808, § 3) to decisions categorically granting or

---

[2] The statutes authorizing the granting of special permits and variances (G. L. c. 40A, §§ 4, 15[3], as in effect prior to St. 1975, c. 808, § 3, and G. L. c. 40A, §§ 9, 10, as in effect thereafter) specifically contemplate the imposition of conditions. See discussion in *Kiss* v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 158-159 (1976). To be contrasted are cases involving conditional disapprovals of subdivision plans, which have several times been held not to be legally effective as disapprovals. The result is often an unintended constructive approval. See *Kay-Vee Realty Co. Inc.* v. *Town Clerk of Ludlow*, 355 Mass. 165 (1969); *Zaltman* v. *Town Clerk of Stoneham, ante,* 248 (1977).

denying special permits or variances. What makes a decision appealable is that it purports to be the decision of the board with respect to an application for a special permit or variance. *Maria* v. *Board of Appeal of Lowell,* 348 Mass. 798 (1965). Contrast *Spaulding* v. *Board of Appeals of Leicester,* 334 Mass. 688, 691-692 (1956), in which the ground of decision, as we understand it, was that the decision of January 7, 1954, did not on its face purport to be a decision with respect to an application for a variance. In the present case the board's decision on its face purported to be a decision of the board on the application for a variance. The board referred to its action as a decision, voted on it, and filed it with the town clerk as a final decision. Compare *Potter* v. *Board of Appeals of Mansfield,* 1 Mass. App. Ct. at 94. It was clearly meant to have legal effect as a decision. It follows that the judge was correct in ruling that the appeal had not been filed within the time permitted by G. L. c. 40A, § 21.

*Judgment affirmed.*