RONALD BALAS & others[1] *vs.* ZONING BOARD OF APPEALS OF PLYMOUTH & others.[2] March 24, 1982. The plaintiffs have appealed from a Superior Court judgment entered under G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32, that the zoning board of appeals (the board) of Plymouth had not exceeded its authority in granting on February 29, 1980, a special permit with environmental design conditions, see G. L. c. 40A, § 9, as amended by St. 1977, c. 829, §§ 3E, 3F and 4A. The permit had been requested by the developer of a proposed shopping center and the owners of the affected land.

1. After a limited hearing, a Superior Court judge determined that the board's decision required correction. He retained jurisdiction and remanded the decision to the board for compliance with § 205.03(C)(7) of the zoning by-law. The board then certified that the plans upon which they granted the permit were "definitive plans" as required by the by-

---

[1] Various owners of single family dwellings in Plymouth.

[2] East Bay Development Corporation, Maypact Properties (a partnership), and its individual partners.

law. Another Superior Court judge (the trial judge) then proceeded, after making unusually careful and complete findings, to adjudicate the plaintiffs' claims. We think that the board's certification of the plans passed upon by the board as "definitive plans" as used in § 205.03(C)(7) adequately cured any deficiency in the description of the plans in its original decision. Cf. *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 552-553 (1962). Examination of the plans in fact submitted show them to be complete and comprehensive portrayals of the proposed development in sufficient detail to permit determination by the board of all issues of real substance, subject to the satisfaction of conditions imposed by the board. The plans were very much more than mere schematic outlines of the proposal.

2. The board's decision constituted a present grant of a special permit subject to later satisfaction of the conditions imposed which stated sufficiently definite standards by which to measure compliance. See *Zartarian* v. *Minkin*, 357 Mass. 14, 18-19 (1970); *Planning Bd. of Falmouth* v. *Board of Appeals of Falmouth*, 5 Mass. App. Ct. 324, 325-327 (1977); *Shalbey* v. *Board of Appeal of Norwood*, 6 Mass. App. Ct. 521, 528-529 (1978). See also *Kiss* v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 158-159 (1976). Contrast *Weld* v. *Board of Appeals of Gloucester*, 345 Mass. 376, 378-379 (1963), which in the light of later decisions (see e.g. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 374-375 [1973]) must be taken to be limited to cases which invoke wholly "undefined standards" of the type represented by the principal condition considered in the *Weld* case, at 377, viz., that a special permit to build a hotel was to be subject to a condition that "[t]he water [supply] situation must be arranged to the satisfaction of all concerned."

3. The board granted the permit with the requirement that "[a]ll conditions must be satisfied in the form of existing consultant reports, binding agreements, and plans approved and endorsed by the [p]lanning [b]oard." The board expressly reserved to itself the right to review those plans which the planning board disapproved. The trial judge ruled that the board did not improperly delegate its power with respect to special permits under the zoning by-law. See G. L. c. 40A, § 1A, inserted by St. 1977, c. 829, § 3A, and § 9, as amended by St. 1977, c. 829, §§ 3E, 3F and 4A. He interpreted the right of review which the board reserved as extending not only to plans disapproved by the planning board but also to those approved (as satisfying the board's conditions) by the planning board. Although we think the trial judge's interpretation was probably reasonable, particularly under a by-law as complex and detailed as that in force in Plymouth, we are of opinion that the interpretation should be made explicit in the board's decision. See the *Kiss* case, 371 Mass. at 158; *Ranney* v. *Board of Appeals of Nantucket*, 11 Mass. App. Ct. 112, 117-118 (1981).

4. This case is remanded to the Superior Court so that the judgment there may be modified to determine that the zoning board of appeals did not exceed its authority, if the board shall adopt, within thirty days after receiving a copy of the judgment, an amendment of its decision, making it explicit that it reserves the right, at least on its own motion, to determine whether the planning board has correctly determined that any condition imposed by the zoning board of appeals has been satisfied.

*So ordered.*

*Robert E. Greenglass* for the plaintiffs.

*Robert L. Shea*, Town Counsel, for Zoning Board of Appeals of Plymouth & others.

*Edward T. Angley* for East Bay Development Corporation & another.