## RICHARD A. KLEIN, THIRD, *vs.* PLANNING BOARD OF WRENTHAM.

No. 90-P-796.

Norfolk. December 5, 1991. - January 9, 1992.

Present: DREBEN, FINE, & GREENBERG, JJ.

*Zoning*, Special permit. *Planning Board. Practice, Civil*, Zoning appeal.

In an action by the holder of a special permit for construction of an office and manufacturing facility, challenging a town planning board's third denial of an application by the plaintiff to the board for modification of the permit by eliminating a condition in the permit relating to open space, the plaintiff, having failed to take a timely appeal from the board's action in granting the special permit with conditions, and having gone ahead and constructed the facility to which the special permit referred, did not have the right to challenge the validity of the open-space condition in a proceeding which, regardless of its form, was the equivalent of an appeal; consequently, the judge, concluding that the board had exceeded its authority in refusing to modify the special permit, erred in allowing the plaintiff's motion for summary judgment and entering judgment ordering the open-space condition annulled. [778-780]

CIVIL ACTION commenced in the Superior Court Department on April 21, 1987.

The case was heard by *Roger J. Donahue*, J., on motions for summary judgment.

*Arthur P. Kreiger* for the defendant.

*Edward J. McCormick, III*, for the plaintiff.

FINE, J. On November 5, 1986, the planning board of Wrentham (board) approved a special permit,[1] with twelve conditions, for construction of a 100,000 square-foot office and manufacturing facility on a 9.38-acre parcel of land

---

[1]In September of 1986, the board had acted on a special permit identical to the November approval except in one minor respect not material to the present case. The board also approved a site plan.

owned by the plaintiff. One of the conditions, relating to open space, was as follows: "Area between Dedham Street and the proposed building is to be left in its present natural state and is to be allowed to grow into a woods." See also G. L. c. 40A, § 9, second par. No appeal was taken from the board's decision within the time allowed. The plaintiff had the special permit recorded and the facility constructed.

In January of 1987, October of 1987, and again on December 7, 1988, the plaintiff applied to the board for modification of the special permit by eliminating the condition relating to open space. The board unanimously denied each application in turn, and each such denial was appealed to the Superior Court. Neither of the appeals from the first two denials proceeded to judgment. In the Superior Court case challenging the board's January 15, 1989, denial of the third modification application, both the plaintiff and the board moved for summary judgment. The facts we have recited and the relevant documents were before the motion judge. Concluding that the board had exceeded its authority in refusing to modify the special permit, the judge allowed the plaintiff's motion for summary judgment, and judgment was entered ordering the open-space condition annulled. It is the board's appeal from that judgment which is before us.

Having failed to take a timely appeal from the board's action in granting the special permit with conditions, and having gone ahead and constructed the facility to which the special permit refers, the plaintiff did not have the right to challenge the validity of one of the conditions in a proceeding which, regardless of its form, was the equivalent of an appeal. See *Iodice* v. *Newton*, 397 Mass. 329, 333 (1986). To the extent that it was an attack on the authority of the board to impose the condition, the plaintiff's pursuit of the application for modification, first administratively and then through the courts, is, for practical purposes, the equivalent of an appeal.

The plaintiff seeks to distinguish the *Iodice* case by pointing out that the appeal in the present case, brought in the Superior Court pursuant to G. L. c. 40A, § 17, was from the

board's denial of an application for a modification under G. L. c. 40A, § 16, and not from the original imposition of conditions. He contends that he brought to the board's attention "specific and material changes in the conditions on which the previous unfavorable action was based" (G. L. c. 40A, § 16), and that the failure of the board to find such changes was arbitrary and capricious. There are several reasons, however, why the judgment may not be affirmed on that ground. In substituting his judgment for that of the board, the judge failed to accord the deference due to the local planning board's broad discretion in determining what conditions should attach to a special permit, see *Board of Appeals of Dedham* v. *Corporation Tifereth Israel*, 7 Mass. App. Ct. 876 (1979), and in determining the materiality of any claimed changes in circumstances, see *Ranney* v. *Board of Appeals of Nantucket*, 11 Mass. App. Ct. 112, 115-116 (1981). Further, the board was being asked by the plaintiff to act favorably on a request upon which it had acted unfavorably within the two previous years. The board had denied an identical application on January 6, 1988. No finding was made by the board that in the interim there had been "specific and material changes in the conditions upon which the previous unfavorable action was based." G. L. c. 40A, § 16, as inserted by St. 1975, c. 808, § 3. In those circumstances § 16 prohibited the board from acting favorably on the plaintiff's request. Finally, the only claim of a change in circumstances following imposition of the condition which finds support in the record presented to the motion judge is that in November of 1986, the plaintiff subdivided the 9.38-acre parcel to which the special permit refers into two lots: the facility is located on one of the lots; the other lot, sufficiently large for construction of a building under zoning regulations applicable to the commercial-industrial zone, is affected by the open-space condition. Even if we were to regard such a change as material for these purposes, however, it would not entitle the plaintiff to removal of the condition. It is a well-established principle that one may not put himself in a more advantageous situation for zoning purposes by his own ac-

tions in subdividing his property. See *Bruzzese* v. *Board of Appeals of Hingham*, 343 Mass. 421, 424 (1962); *Raia* v. *Board of Appeals of N. Reading*, 4 Mass. App. Ct. 318, 322 (1976), and cases cited.

However the plaintiff characterizes them, his contentions to the board, to the motion judge, and to this court are in essence that the open-space condition was invalid when originally imposed. As those contentions were made too late, the defendant's motion for summary judgment should have been allowed. Accordingly, we vacate the judgment and order entry of judgment for the defendants.

*So ordered.*