CHARLOTTE I. HALL, trustee,[1] & another[2] *vs.* ZONING BOARD OF APPEALS OF EDGARTOWN & another.[3] No. 94-P-1903. April 3, 1996. *Zoning,* Board of appeals: decision, Special permit, Variance, By-law. *Words,* "Unfavorable."

In 1989, the board granted the plaintiffs' application for a variance and special permits allowing the construction and operation of a movie theater. Because of financing problems, the plaintiffs did not proceed with the project, and they requested that the variance and permits be extended for a year. The board granted a six-month extension, but the plaintiffs were unable to meet that deadline. Consequently, they soon submitted new applications which, on May 13, 1992, the board granted subject to specific conditions that the financing for the project be completed and the building permit obtained within specified time limits. The plaintiffs neither appealed from this decision nor timely met the financing condition. That failure caused the building inspector to deny their application for a building permit. The plaintiffs took no appeal from that denial. Instead, about one year later, they again filed applications seeking approval of the same project. The board concluded that the two-year waiting period set out in G. L. c. 40A, § 16, and § 205-20 of the Edgartown zoning by-law was applicable to the application. As the plaintiffs were unable to muster the number of votes required under those provisions for consideration of their application, it was denied. The plaintiffs appealed from this denial, which was affirmed by a Superior Court judge, and we affirm the judgment.

General Laws c. 40A, § 16, as inserted by St. 1975, c. 808, § 3, provides, in relevant part, that "[n]o . . . application . . . which has been unfavorably and finally acted upon . . . shall be acted favorably upon within two

[1]Of the Playhouse Theatre Realty Trust.
[2]Seagate, Inc.
[3]The town of Edgartown.

years after the date of final unfavorable action unless . . . [the board] finds . . . by a vote of four members . . . specific and material changes in the conditions upon which the previous unfavorable action was based . . . ." The zoning by-law essentially tracks the statute. The plaintiffs make no argument before us concerning the finality of the board's decision of May 13, 1992, and instead take the position that the two-year moratorium was inapplicable because the grant of their application with conditions was a favorable rather than unfavorable decision.

There are significant considerations which disprove the plaintiffs' position. First, there is the plain meaning of the word "unfavorable," which, according to Webster's Third New Intl. Dictionary 2495 (1966), includes "tending to retard, discourage, or make more difficult." The condition prevented the plaintiffs from breaking ground until the board, within the requisite time, was satisfied that financing for the project was solidly in place and lifted the condition. Sometimes a condition of a special permit is so burdensome that the grant of an application with conditions is a decision from which an appeal can be taken pursuant to G. L. c. 40A, § 17. See *Planning Bd. of Falmouth* v. *Board of Appeals of Falmouth*, 5 Mass. App. Ct. 324, 327-328 (1977); *Klein* v. *Planning Bd. of Wrentham*, 31 Mass. App. Ct. 777, 778 (1992). Moreover, as noted by the Superior Court judge, the plaintiffs' reasoning would allow a "disappointed applicant . . . [to] evade the manifest statutory purposes as well as the exclusivity provisions of c. 40A, § 17, by seeking to shed a disagreeable condition through repetitive applications at frequent intervals." Whether the conditions in fact disappointed the plaintiffs is irrelevant. Cf. *Dodge* v. *Prudential Ins. Co.*, 343 Mass. 375, 381 (1961). The manifest purpose or "policy which underlies statutory texts such as § 16 [is] to give finality to administrative proceedings and to spare affected property owners from having to go repeatedly to the barricades on the same issue." *Ranney* v. *Board of Appeals of Nantucket*, 11 Mass. App. Ct. 112, 115 (1981).

We conclude that the two-year waiting period set out in c. 40A and the Edgartown zoning by-law was applicable to the plaintiffs, who did not receive the requisite number of votes to overcome that bar. Our conclusion makes it unnecessary to consider the plaintiffs' remaining contentions, which, in any event, warrant no discussion beyond that set out in the comprehensive decision of the Superior Court judge and the brief of the defendants.

*Judgment affirmed.*

*Philip E. Magnuson* for the plaintiffs.
*Ronald H. Rappaport*, Town Counsel, for the defendants.