Troy, Paul E., J.
The plaintiff, M&R Industrial Park Trust (“M&R”), appeals to this court pursuant to G.L.c. 40A, §17, asserting that the defendants John Gold-rosen, Susan Jablonski, Wayne Andrews, Richard Blosz and Eric Pretorius, as they are members of the Town of Whitman Board of Appeals (collectively the “Board”), acted arbitrarily, capriciously, and outside the scope of their authority in denying M&R’s request for removal of a condition of approval for a site plan to construct a metal storage building. This matter is before the court on the Board’s motion for summary judgment pursuant to Mass.R.Civ.P. 56(c).
After a hearing, the court ALLOWS the defendants’ motion for summary judgment dismissing M&R’s complaint, for the reasons discussed below.
BACKGROUND
The following undisputed facts are taken from the summary judgment record. M&R owns land at 10 Industrial Way, Whitman, Massachusetts. On July 10, 2000, Rita Kelly, M&R’s predecessor in interest, filed an application with the Board for site plan approval to build a garage on the 10 Industrial Way site. The Board assigned this application case number 21. On July 10, 2000, the Board approved a site plan to construct a metal five-bay garage on the property. The site plan, dated May 11, 2000, indicates that the proposed garage (the “Garage”) was 125 feet by 50 feet, totaling 6,250 square feet. The approval was conditioned on a sprinkler and fire alarm system being installed in the Garage; the Board added this condition at the urging of Fire Chief Timothy Travers. The specific requirements for the fire protection system included an “adequate system of automatic sprinklers for fire protection,” a “fire alarm system that will be automatically activated by smoke detectors in the office area, manual pull stations at all exits and the automatic sprinkler system,” and a “building fire alarm system” connected to the “municipal fire alarm system via a master firebox.”
In October 2004, M&R acquired the property at 10 Industrial Way. A construction permit for the Garage was also issued in October 2004. Work on the foundation of the Garage began in November 2005. Around the same time, Scott Kelly (“Kelly”), trustee of M&R, learned that G.L.c. 148, §26G, the statutory requirement for sprinkler systems in the Commonwealth, only applies to buildings larger than 7,500 square feet. The Town of Whitman adopted G.L.c. 148, §26G on June 5, 1984. Kelly also learned that the Board had not required a sprinkler system for another applicant, Area Sweeping, based on its claim of financial hardship.
In November 2005, Kelly appeared before the Board and requested that the sprinkler condition not be imposed, because it was not a statutory requirement, and because other applicants in Whitman had not been required to install sprinklers. The Board advised Kelly that his request would require a new permit application, and that it had no authority to consider his request without published notice and a public hearing. Kelly filed a new application on November 17, *260 2005, requesting that the previously approved site plan be revised to eliminate the sprinkler system and fire alarm requirement. In the section entitled “Reason for Asking Relief,” the application states, “Use is allowed — Applicant wishes to amend previous site plan approval of conditions of fire chief.” Under “Type of Structure,” the application states, “Existing 125’ x 50’ Metal Building.” In answer to the question, “Has any previous appeal been made?” the application reads, “Site Plan Approval (July 2000).” The Board assigned this application a new case number, number 45, advised abutters of the application, and published notice of the public hearing to consider the application in the Brockton Enterprise on December 5, 2005 and December 12, 2005. The site plan, dated November 17, 2005, submitted with the application, shows an existing building of 125 feet by 50 feet, in exactly the location approved on the original site plan.
At the public hearing on December 19, 2005, it was undisputed that the foundation had been built and that the Garage had been framed in prior to the meeting, and that the only topic on appeal was removal of the condition requiring a fire alarm and sprinkler system. Kelly appeared at the public hearing, and presented evidence that the Garage was 6,250 square feet, below the statutory minimum square footage to require a sprinkler and fire alarm system. On December 27, 2005, the Board filed a final decision with the Whitman Town Clerk, denying Kelly’s request to seek site plan approval under Section VII, 7-2 of the Whitman Zoning By-Law to remove the conditions requiring a fire alarm and sprinkler system.
The minutes of the public hearing to consider M&R’s application to remove the sprinkler requirement indicate that the Board expressed its concern that only one of the five bays will be used by M&R, and the other four will be rented to third parties, with unknown contents. The Board, therefore, felt that a fire protection system was still necessary, in the interests of public and firefighter safety, even though the statutory requirement only applies to buildings of more than 7,500 square feet. The Board also noted at the public hearing that it had required Area Sweeping’s building to be scaled down in size, after Area Sweeping stated it could not afford a sprinkler system, and also after Area Sweeping met with the Fire Chief to discuss his concerns. The minutes of the public hearing indicate that, in 2002, based on a recommendation from the Fire Chief, the Board required a sprinkler system for T&K Paving when it added a 3,500-square-foot addition.
Kelly, as trustee of M&R, filed this appeal on January 12, 2006, pursuant to G.L.c. 40A, §17. The Board moved to dismiss M&R’s complaint pursuant to Mass.R.Civ.P. 12(b)(1) and Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Board argued that M&R’s complaint was not timely filed within the statutory 20 days after it filed its denial of M&R’s application with the town clerk, and thus did not state a claim over which this court has subject matter jurisdiction. On September 20, 2006, the court (Giles, J.) ruled that the Board’s motion to dismiss would be treated as a motion for summary judgment pursuant to Mass.R.Civ.P. 56(c), and ordered the parties to file supplementary documents for a hearing at a later date. That hearing was held before this court on November 6, 2006.
DISCUSSION
Summary judgment is appropriate where there are no material facts in dispute, and the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); McLaughlin v. CGU Ins. Co., 445 Mass. 815, 818 (2006); Kourouvacilis v. General Motors Corp., 410 Mass 706, 711-12, 714 (1991). In order to defeat a motion for summary judgment, the non-moving party must offer evidence of specific material facts in dispute that create a genuine issue for trial. Pederson v. Time, 404 Mass 14, 16-17 (1989). Hypotheses, vague allegations, conclusory statements, and unsupported inferences do not meet this burden. See Scofield v. Berman & Sons, Inc., 393 Mass 95, 103 (1984) (holding non-moving party may not rely on its pleadings but must set forth specific facts); First Nat’l Bank of Boston v. Slade, 379 Mass. 243, 245-46 (1979) (holding vague allegations, conclusory statements, and assertions of inference not based on underlying facts will not suffice); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 559 (1976) (refusing to reverse decision granting summary judgment where non-moving party presented no specific facts to support hypothetical allegations). In deciding a motion for summary judgment, this court must draw all reasonable inferences in the light most favorable to the non-moving party. Giarardi v. Gabriel, 38 Mass.App.Ct. 553, 554 (1995).
M&R’s Standing Pursuant to G.L.c. 40A
The zoning statute, G.L.c. 40A, §17 provides, in relevant part:
Any person aggrieved by a decision of the board of appeals or any special permit granting authority or by the failure of the board of appeals to take final action concerning any appeal, application or petition within the required time . . . may appeal to . . . the superior court department in which the land concerned is situated ... by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk.
This court does not have jurisdiction to hear an appeal from a decision of a zoning board of appeals if the plaintiff does not file a notice of appeal within tweniy days after the board’s decision is filed with the town clerk. O’Blenes v. Zoning Bd. of App. of Lynn, 397 Mass. 555, 556-58 (1986). The Supreme Judicial Court has determined that courts in this Commonwealth must rigidly enforce the statutory time period for filing an appeal pursuant G.L.c. 40A, §17. See Cappucio v. Zoning Board of Appeals of Spencer, 398 *261 Mass. 304, 311-12 (1986) (holding that the Superior Court had no jurisdiction to hear a G.L.c. 40A appeal filed twenty-one days after the town’s decision, and noting that timely commencement of a G.L.c. 40A appeal is “policed in the strongest way”). Summary judgment is appropriate where an appeal under G.L.c. 40A is not filed in a timely manner. Klein v. Planning Bd. of Wrentham, 31 Mass.App.Ct. 777, 778-80, rev. denied, 413 Mass. 1103 (1992).
In appeals of unfavorable decisions, G.L.c. 40A, §16, provides that
No appeal, application or petition which has been unfavorably and finally acted upon by the special permit granting or permit granting authority shall be acted favorably upon within two years after the date of final unfavorable action unless said special permit granting authority or permit granting authority finds, by a unanimous vote of a board of three members or by a vote of four members of a board of five members or two-thirds vote of a board of more than five members, specific and material changes in the conditions upon which the previous unfavorable action was based, and describes such changes in the record of its proceedings, and unless all but one of the members of the planning board consents thereto and after notice is given to parties in interest of the time and place of the proceedings when the question of such consent will be considered.
Neither party here disputes the key facts, i.e. the conditions of the Board’s original approval in July 2000, the Board’s action at its November 2005 meeting, the language of M&R’s November 2005 application, the plot plans, the process the Board followed during its review, or the reasons given in the Board’s December 2005 denial of M&R’s application. Both parties also cite many of the same cases as dispositive on the legal interpretation of the Board’s actions. The parties’ dispute centers on whether M&R’s November 2005 application was an application for a new decision, or a request for reconsideration of a previously imposed condition. As the Board argues, the cases indicate that courts in this Commonwealth have consistently reviewed the substance, rather than merely considering the form, of applicants’ permit requests in determining whether a request is a new application or a request for reconsideration.
The Board claims that M&R’s application for removal of the fire sprinkler condition is a request for a modification of its original application, rather than being a new application. The Board contends that M&R did not file an appeal of the conditions of the July 10, 2000 site plan approval within twenty days of the date of that approval, as required under G.L.c. 40A, §17. The Board argues that, regardless of its form, M&R’s November 17, 2005 application was an application for reconsideration of the Board’s July 2000 decision, rather than a new request. The Board claims that this court thus does not have subject matter jurisdiction over M&R’s appeal, and it must therefore be dismissed.
M&R contends that the Board’s December 27, 2005 denial was a decision on a new application, which it timely appealed on January 17, 2006, pursuant to the 20-day requirement of G.L.c. 40A, §17. M&R argues that the Board treated its November 17, 2005 application as a new application, assigning it a new application number, publishing notice of a public hearing, notifying abutters, holding a public hearing, and writing a separate decision on the request. M&R claims that the Board’s decision to require a new request with all of its accompanying procedural requirements, and the Board’s statement at its November meeting that it could not hear a request for modification, means that this court should treat the November 2005 application as substantively separate, and should therefore treat M&R’s G.L.c. 40A appeal as timely.
The Board cites Iodoce v. City of Newton, 397 Mass. 329, 333-34 (1986), where the plaintiff brought a declaratoiy judgment action pursuant to G.L.c. 231A in September 1980, challenging the validity of the city’s ten percent low income set-aside condition in a permit the Newton planning board had granted him in July of 1977. The court held that “(r]egardless of its form, the plaintiffs action is an appeal within the meaning of G.L.c. 40A, §17, and it must fail because it was not timely brought.” Id. 334. Unlike M&R, the plaintiff in Iodoce did not file a new application for review, and Newton consequently did not initiate the new application process, issue a new case number, publish notice of a hearing, hold a hearing, or issue a new decision.
The Board also cites Klein v. Planning Bd. of Wrentham 31 Mass.App.Ct. 777, 777-78 (1992), in which Wrentham approved a special permit that permitted the plaintiff to construct a large office building provided he complied with twelve specific conditions. More than a year later, the plaintiff filed three separate appeals of the open space condition in the special permit, each of which the Wrentham planning board denied. The court held that “[h]aving failed to take a timely appeal from the board’s action in granting the special permit with conditions, and having gone ahead and constructed the facility to which the special permit refers, the plaintiff did not have the right to challenge the validity of one of the conditions in a proceeding which, regardless of its form, was the equivalent of an appeal.” Id. at 780. The court also noted that the Board made no findings of a specific and material change in conditions since the time of the original application, which had been made within two years of the modification challenge, as required by G.L.c. 40A, §16. Id. at 779. As M&R argues, Klein involved modifications to a special permit rather than, as here, a new application for site plan review.
*262 In Bonfatti v. Zoning Bd. of App. of Holliston, 48 Mass.App.Ct. 46, 48-50 (1999), the planning board granted the plaintiff a special permit for a cluster development, with the condition that one of his lots would be non-buildable because of inadequate overall street frontage for the combined lots. After completing construction on the other lots, the plaintiff applied to the building inspector for a building permit for the lot previously designated unbuildable, which the building inspector denied. The Appeals Court held that the request for a building permit on the unbuildable lot should be properly construed as an appeal of an original condition, filed more than one year after the original denial of permission to build on the designated non-buildable lot. The court held that the appeal was therefore untimely, and that the Superior Court did not have jurisdiction to consider it. The court also noted with disfavor that the plaintiff had asked the building inspector to overrule the special permit granting authority. As M&R asserts, Bonfatti is distinguishable from the present case, since the plaintiff never attempted to file an appeal with the planning board to modify the condition, but rather attempted to work around the planning board’s statutorily created authority by applying to the building inspector.
M&R relies on Gargano v. Barnstable Conservation Comm’n, 58 Mass.App.Ct. 1106, 2003 WL 21415302 (2003). Although this case is an unpublished opinion which does not establish precedent for this court, the Appeals Court’s ruling in Gargano does support M&R’s contention that filing an appeal with a newly assigned number, and accompanying notification and publication process, makes the appeal a new request. The Gargano court dismissed the plaintiffs certiorari appeal as untimely, holding that it was merely a request for reconsideration outside the statutory period. The court noted, however, that in addition to its substantive content as an appeal rather than a new request, its determination that the plaintiffs request was merely a request for reconsideration was supported by the fact that “no new notice of intent was filed, no new DEP filing number was assigned, and, significantly, Gargano did not notify abutters as required.” Id at *2.
The record indicates that, over the five-year period after the original site plan was issued, there was one major change involving M&R’s property; the property was improved from an empty lot to contain the five-bay Garage built according to the original site plan. This building, contemplated in the original application, does not represent a material change in circumstances from the time of the initial application. The statutory moratorium period within which a zoning board may not grant approval for a previously denied application, without a finding of specific and materially changed conditions, is two years. G.L.c. 40A, §16; Ranney v. Board of Appeals of Nantucket, 11 Mass.App.Ct. 112, 116 (1981). Here, M&R applied for relief from the conditions imposed on its initial application on November 17, 2005, more than five years after the Board granted the initial site plan approval, with conditions, in July 2000. M&R’s request for relief from the fire sprinkler condition was not a request for reconsideration initiated within the two-year statutorily proscribed moratorium period under G.L.c. 40A, §16. M&R’s November 17, 2005 site plan application was made more than three years after the expiration of the two-year review period during which an unfavorable decision may only be reversed if the Board makes specific and material findings of changed circumstances. Nothing in G.L.c. 40A, §16 restricts an application for reconsideration after the two-year limitation period.
Nonetheless, the plain language of M&R’s November 2005 site plan application shows that M&R requested removal of a previously imposed requirement for fire alarms and sprinkler systems. The November 2005 site plan, except for a notation of “existing building” on the designated area, does not differ from the May 2000 site plan, except for its notation “proposed building.” M&R’s November 2005 application does not request a change in any aspect of the building other than the fire system and sprinkler system. Following the reasoning in Klein, Bonfatti, and Iodoce, the November 2005 application for site plan review would, despite its form as a new application, appear to be an appeal of a previously required condition.
However, the Board’s instructions to M&R in November 2005, with which M&R fully complied, were that M&R must file a new application for a new site plan approval. Unlike the plaintiffs in Klein, Bonfatti, and Iodoce, M&R made no attempt to evade the Board’s regulations or decision making authority. At its November 2005 meeting, the Board advised M&R that it had no authority to hear M&R’s request for modification of the condition, and that a new application, new notice to abutters, and a new public hearing would be required. Among the other requirements in submitting a new application, M&R was required to obtain and submit a newly-created site plan. Having determined that M&R must file a new application, having instructed M&R to do so, and having notified abutters, held a public hearing, and issued a new decision on a separately-numbered site plan application, the Board now claims that M&R’s application is a request for a reconsideration of the denial of its original application, time-barred under G.L.c. 40A, §17. The Board’s contention is not supported by the plain language of the statute. This court finds that on January 17, 2006, M&R timely appealed the Board’s December 27, 2005 denial of its application for site plan approval without the fire alarm and sprinkler system. Thus, this court has jurisdiction to consider M&R’s appeal, pursuant to G.L.c. 40A, §17.
The Requirement for a Fire Alarm and Sprinkler System
M&R argues that the Board acted arbitrarily and capriciously in declining to remove the requirement for *263 a sprinkler system from its site plan approval, when the Board had not required a sprinkler system in another company’s building. To prevail on a claim under G.L.c. 40A, §17, M&R must first establish that it is an “aggrieved party” and has suffered a particularized injury. Green v. Bd. of App. of Provincetown, 404 Mass. 571, 572 (1989). M&R has presumptive standing to appeal the Board’s imposition of special conditions on its site plan because it is one of the “parties in interest” as defined in G.L.c. 40A, §11. See Denneny v. Zoning Bd. of App. of Seekonk, 59 Mass.App.Ct. 208, 212 (2003). Nonetheless, the record does not contain any evidence of an injury to M&R which is cognizable under G.L.c. 40A. Viewed in the light most favorable to M&R, as required in a motion for summary judgment, it is well-settled law in this Commonwealth that a party’s interest in correct application of a zoning by-law is a community concern. Denneny, 59 Mass.App.Ct. at 215. There is no private right or interest in enforcement of the zoning by-laws. Id. Thus, M&R’s assertion that it is harmed by the Board’s uneven application of the zoning laws does not state a cognizable claim under G.L.c. 40A, §17.
Additionally, nothing in the record supports the assertion that the Board’s action in denying M&R’s request was arbitrary or capricious. A planning board may properly regulate to ensure public safety in the case of fire. Federline v. Planning Bd. of Beverly, 33 Mass.App.Ct. 65, 68 (1992). The record indicates that the Board had required sprinkler systems in other buildings of less than 7,500 square feet, and had, after negotiations between the owner and the Fire Chief, chosen not to require a sprinkler system in one, scaled-down building. At the public hearing, the Board discussed its specific concerns regarding the unknown third parties who will be renting space from M&R, its inability to determine what the contents of M&R’s storage units will be, and its conclusion that an alarm system without a sprinkler system would offer inadequate protection given that M&R will be unable to control the potentially hazardous materials that renters introduce into the Garage. Because M&R has not offered any evidence showing a material issue of fact in dispute on its claim that the Board’s actions were arbitrary and capricious, summary judgment in favor of the Board is appropriate on this claim.
M&R also argues that the Board acted outside the scope of its authority in requiring a sprinkler system be installed in its Garage, because a sprinkler system in a building of 6,250 square feet is not a statutory requirement. The Commonwealth’s requirement for automatic sprinkler systems is provided in G.L.c. 148, §26G, which requires that “(e]veiy building of more than seventy-five hundred gross square feet in floor area or every addition of more than seventy-five hundred gross square feet in floor area shall be protected throughout with an adequate system of automatic sprinklers in accordance with the provisions of the state building code.” This statute sets a mandatory minimum fire safety standard for buildings in this Commonwealth. Nothing in this statute, however, prevents municipalities from requiring more stringent safety provisions. The Board, acting on a recommendation of the Fire Chief to ensure firefighter and public safety, chose to impose an added fire safety condition. The record does not indicate that the Board acted outside the scope of its authority in requiring a fire alarm and sprinkler system in a storage garage to be rented to third parties. Therefore, M&R has failed to introduce any evidence to show a genuine issue of material fact remaining for trial.
ORDER
For the foregoing reasons, it is hereby ordered that the defendants’ Motion For Summary Judgment is ALLOWED.