NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-139

SAMUEL BOURNE[1]

vs.

ROY E. GARDNER[2] & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On July 1, 2016, defendant Roy Gardner (the chairman) recorded at the Plymouth County Registry of Deeds a letter he had drafted in his capacity as Chairman of the planning board of East Bridgewater (planning board).  The letter stated, in relevant part, that the plaintiff's attempt to subdivide his property by deed created land use violations that required prior approval by the planning board.  The plaintiff sued the defendants alleging slander of title and negligence, and seeking to quiet title to the property at issue and to enjoin a nuisance.  A Superior Court judge granted summary judgment in favor of the defendants.  The plaintiff appealed, and in an

---

[1] Individually and as trustee of the Lot 31 Realty Trust.
[2] Individually and as chairman of the planning board of East Bridgewater.
[3] Town of East Bridgewater.

unpublished decision, a panel of this court affirmed in part, remanding his request for injunctive relief to the Superior Court for a factual determination of the validity of the violations alleged in the letter.  See Bourne v. Gardner, 98 Mass. App. Ct. 1110 (2020).  In doing so, the panel noted that "[u]nderlying this determination is necessarily a determination of whether the lots in question had merged."  Id.  After a bench trial, a judge determined that the lots had merged and thus denied the plaintiff's request for equitable relief.  We affirm.[4]

Discussion.  1.  Standard of review.  "We accept the judge's findings of fact in a bench trial unless they are clearly erroneous."  Makrigiannis v. Nintendo of Am., Inc., 442 Mass. 675, 677 (2004).  "On the other hand, to ensure that the ultimate findings and conclusions are consistent with the law, we scrutinize without deference the legal standard which the judge applied to the facts" (citation omitted).  Id. at 678.  We review the judge's denial of equitable relief for an abuse of discretion.  See Cavadi v. DeYeso, 458 Mass. 615, 624 (2011).

2.  Merger of the lots.  Because the issue on remand -- the letter's validity -- centered on the question of whether the plaintiff's Lot 32 Parcel A (parcel) had merged with his

---

[4] The plaintiff also appeals the denial of his motion for summary judgment.  Because the factual determinations on remand had yet to be made, the judge's denial of the motion was proper.

2

seventy-seven foot strip of Lot 31 (strip), the trial judge was required to make both factual determinations and legal conclusions.

The judge found the following facts. The plaintiff and his wife acquired the property at issue in 1989. The strip that the plaintiff contends is a separate buildable lot was created in 1951. A 1956 zoning bylaw established a minimum lot size larger than the area of the strip. In 1959, the strip came into common ownership with what was then Lot 32. In 1972, the planning board endorsed a plan that created a new lot consisting of the parcel (a portion of Lot 32) and the strip. The endorsement noted that the strip was not suitable for building. This new lot is what was conveyed to the plaintiff and his wife in 1989.

The plaintiff does not materially dispute these findings and, in any event, we are satisfied that the trial record fully supports them. However, he asserts that the strip had never merged with the parcel, so the strip was a preexisting nonconforming use protected from past zoning bylaw changes. We disagree.

Lots that are separately held at the time of a zoning change merge and lose preexisting nonconforming use protection when they come into common ownership after that zoning change. See Preston v. Board of Appeals of Hull, 51 Mass. App. Ct. 236, 243 (2001); cf. Marinelli v. Board of Appeals of Stoughton, 440

3

Mass. 255, 261 (2003) (Preston inapplicable because Preston's lots were separately owned at time of zoning change, but Marinelli's lots were commonly owned at time of change). Here, the strip and the parcel merged when they came into common ownership in 1959, after the 1956 zoning bylaw change. Thus, the strip lost any preexisting nonconforming use protection when it came into common ownership with the parcel in 1959. See Preston, supra at 243. Further, because the strip was recorded as an unbuildable part of the new lot consisting of the strip and the parcel in 1972, any remaining protections were lost with the recording of that plan.

3. Propriety of the letter. The question on remand was limited to the validity of the violations alleged in the letter. See King v. Driscoll, 424 Mass. 1, 7-8 (1996) (remand instructions are law of case). By concluding that the parcel and the strip had merged, the judge determined that the relevant language in the letter was "valid." We thus discern no abuse of discretion in the denial of the plaintiff's request that the letter be "removed from all public entities, offices, and specifically from the Registry of Deeds."

We note, however, that the defendants do not cite any legal authority for the chairman's unilateral action and acknowledged at oral argument that no such authority exists. At the time the chairman took it upon himself to draft and record the letter,

4

the plaintiff did not have any application pending before the planning board, the plaintiff did not have an opportunity to be heard before the letter issued, abutters were not notified of any proceedings with respect to the subject property, and no public hearing took place.  The Supreme Judicial Court has cautioned against municipal bodies rendering such advisory opinions in the absence of specific authority.  See Del Duca v. Town Adm'r of Methuen, 368 Mass. 1, 12 (1975) (Legislature has "taken the entire subject of the establishment, powers, and duties of local, regional, and State planning boards in hand, and has thereby precluded any local action which would impair the operation and effect of the statutes in that field"); Weld v. Board of Appeals of Gloucester, 345 Mass. 376, 379 (1963) (municipal "board has no power to issue advisory opinions or to make decisions which partially commit it" to course of action).  Moreover, the letter serves no apparent purpose to the defendants, given that it has no bearing on the plaintiff's ability to submit a new plan for approval or to seek a building permit.  Because the chairman had no authority to issue the opinion letter, it is null and void.

Nothing we have said precludes the plaintiff from submitting a plan to the planning board for its approval, see

G. L. c. 41, § 81O, or from seeking any available relief from other municipal boards.

_Amended judgment entered January 3, 2023, affirmed._

By the Court (Shin, Brennan & Hodgens, JJ.[5]),

_Joseph F. Stanton_

Clerk

Entered:  November 22, 2023.

---

[5] The panelists are listed in order of seniority.